Billy E. BURNETT et al., Plaintiffs-Appellees, Cross-Appellants,

v.

The COLEMAN COMPANY, Defendant-Appellant, Cross-Appellee.

Nos. 74–1594 and 74–1595.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 1974.

J. H. Doughty, Hodges, Doughty & Carson, David E. Smith, Knoxville, Tenn., for defendant-appellant, cross-appellee.

Dexter A. Christenberry, Joseph B. Yancey, Knoxville, Tenn., for plaintiffs-appellees, cross-appellants.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a judgment in a products liability action. The only substantial question raised herein concerns the District Court's use of remittitur to reduce the size of the judgment, an issue which is presented by cross-appeal. We affirm the action of the District Court in ordering remittitur and remand with instructions to offer the plaintiffs the option of acceding to the remittitur or electing to retry their claim in a new

trial. We also affirm on all the issues raised by the appellants.

This case arose when a portable oven unit, manufactured by Coleman for use with its stoves, exploded and injured Burnett, Allred and Gray. At trial both plaintiffs and defendant presented expert witnesses who testified as to the design of the oven. After the jury was instructed on strict liability for manufacturing defects within the meaning of § 402A of the Restatement (Second) of Torts (1965), the jury found Coleman liable. *See* Olney v. Beaman Bottling Co., 220 Tenn. 459, 463, 418 S.W.2d 430 (1967); Ford Motor Co. v. Lonon, 217 Tenn. 400, 414–419, 398 S.W.2d 240 (1966).

The District Court refused to grant Coleman's motion for a new trial or a judgment notwithstanding the verdict, but noted that "the verdict appears to be extremely high in view of injuries sustained when considered in relation to other verdicts in similar cases." After the parties were given an opportunity to study our decision in Manning v. Altec, Inc., 488 F.2d 127 (6th Cir. 1973), a hearing was held solely on the issue of damages, and the court ordered Burnett to remit $5,000 and Allred to remit $900. Gray's award was undisturbed.

In *Manning* we set the standard of appellate review for a remittitur, stating that the action of a trial judge "is subject to review only for abuse of discretion." *Id.* at 131. Further if we are "to determine whether there is an abuse of discretion it is necessary to examine the evidence on damages and the considerations which led the trial judge to order remission of a portion of the verdict." *Id.*

We have examined the evidence on damages and, without lengthening this opinion by a recitation of details, we hold the order of remittitur was not an abuse of discretion.

When we are called upon to balance the seventh amendment's command that "no fact tried by jury, shall be otherwise reexamined . . . than according to the rules of the common law"

with the "judge's unique opportunity to consider the evidence in the living courtroom context," Taylor v. Washington Terminal Co., 133 U.S.App.D.C. 110, 409 F.2d 145, 148, cert. denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969), we are inclined to grant a greater degree of deference to the decision of the trial judge where the remitted portion is not the subject of direct evidence but rather results from inferences drawn from the facts in evidence. Manning v. Altec, Inc., *supra*, 488 F.2d at 133. We also note that the decision to grant remittitur was not reached summarily, and that the judge assigned this specific issue for further argument.

Even though we uphold the grant of remittitur, this does not dispose of this case. It was recently stated in this Circuit:

> "[T]he District Court must offer the party awarded damages the choice of a new trial or the amount of the Court's remittitur. Dimick v. Schiedt, 293 U.S. 474, 476 [55 S.Ct. 296, 79 L.Ed. 603] (1935); Kennon v. Gilmer, 131 U.S. 22, 29, [95 S.Ct. 696, 33 L.Ed. 110] (1889); Manning v. Altec, Inc., 488 F.2d 127, 130 (6th Cir. 1973). The District Court cannot, without the consent of the parties, substitute its judgment for that of the jury on the issue of just compensation. United States v. 93.970 Acres of Land, 258 F.2d 17, 31 (7th Cir. 1958), reversed on other grounds, 360 U.S. 328, [79 S.Ct. 1193, 3 L.Ed.2d 1275] (1959). To permit the Court to do so would erode the parties' Seventh Amendment guarantee of a jury trial." Brewer v. Uniroyal, Inc., 498 F.2d 973 (6th Cir. 1974).

In the present case remittitur was accepted under protest. We have stated in *Manning* that "[i]n diversity cases from the district courts in Tennessee this court has approved the Tennessee practice of permitting a plaintiff to accept remittitur under protest and then appeal the trial court's ruling." 488 F.2d at 130. The plaintiffs have retained the option of either accepting the remittitur or requiring a new trial.

On direct appeal, appellant contends that: (1) The District Court erred in denying its motions to dismiss and for judgment n.o.v. or in the alternative for a new trial; (2) that reversible error occurred in admitting the testimony of an expert witness for plaintiffs; and (3) that the District Court committed reversible error in the charge to the jury and in denying appellant's special request for a charge as to speculative testimony. We find these contentions to be without merit.

The judgment of the District Court is affirmed in all respects except that the case is remanded with instructions to afford the plaintiffs the option of a new trial or acceptance of the remittitur.

No costs are taxed. Each party will bear his own costs on this appeal.