Bobbie Jean SMITH and Wife, Jessie Mae Smith, Plaintiffs-Appellants,

v.

JOHN SWAFFORD FURNITURE COMPANY, INC., Defendant-Appellee.

No. 77–1607.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1979.

Decided Feb. 8, 1980.

Glenn R. Copeland, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for plaintiffs-appellants.

E. Blake Moore, Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for defendant-appellee.

Before CELEBREZZE and LIVELY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from a judgment entered on a jury verdict awarding damages and from an order of remittitur of damages in a diversity action arising out of a car-truck collision in Tennessee.

Plaintiff-appellant Bobbie Jean Smith brought this negligence action to recover for damages and losses arising from a motor vehicle collision which occurred on July 25, 1974. Plaintiff-appellant Jessie Mae Smith, his wife, sought to recover for loss of her husband's services and consortium.

Defendant-appellee Swafford Furniture Company admitted liability for the accident and voluntarily paid Mr. Smith $8,506.17 prior to the institution of this lawsuit. The issue of damages was submitted to a jury, which returned an award of $44,797.83 for Mr. Smith and $9,000.00 for Mrs. Smith. When the amount paid by the defendant to Mr. Smith is considered together with the jury's verdict, the total award amounted to $51,000.00. Believing these awards to be in excess of any sum which the jury might reasonably have found to have been the loss sustained by either plaintiff, the trial judge ordered Mr. Smith to remit $17,297.83 and Mrs. Smith to remit $4,000.00, thus reducing the awards to $27,500.00 and $5,000.00 respectively.

Plaintiffs objected to the order of remittitur and chose a new trial rather than accepting the remittitur.[1] At the second trial substantially the same evidence was introduced, but the jury returned a verdict of $16,000.00 for Mr. Smith and $0 for Mrs. Smith. After denying a motion for another new trial, the trial judge ordered an additur of $2,500.00 for Mrs. Smith.

In this appeal the plaintiffs contend that the verdict in the first trial was "clearly within the maximum limit of a reasonable range" and therefore remittitur was improper. Plaintiffs also assert that if the remittitur process was proper in the first trial, they were entitled to have the verdict set aside in the second trial and another new trial ordered.

■ It has long been the rule that a federal district court has the power to condition the denial of a motion for a new trial upon consent to a remittitur. *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935). This court promulgated the standard of appellate review for a remittitur in *Manning v. Altec, Inc.*, 488 F.2d 127 (6th Cir. 1973), stating that the action of a trial judge is subject to review only for abuse of discretion. An abuse of discretion in granting a remittitur will be found "only where the quantum of damages found by the jury was *clearly* within 'the maximum limit of a reasonable range'." *Id.* at 133. In reaching this determination it is necessary to examine the evidence on damages and the considerations which led the trial judge to order remission of a portion of the verdict. *Id.*

■ After scrutinizing the evidence on damages introduced at the first trial, we conclude that the trial judge's order of remittitur was not an abuse of discretion. The inconclusive testimony of the medical experts who had examined or treated Mr. Smith indicated that the automobile accident had caused a temporary and non-permanent injury to Mr. Smith's back or neck. Conspicuously absent was direct evidence from any physician establishing a causal relationship between the automobile accident and the long-term or permanent disability alleged by Mr. Smith. In fact, the evidence tended to show that Mr. Smith's injury was a short-term, soft tissue ligamentos sprain.

The testimony of Dr. Vieth, the neurosurgeon who treated Mr. Smith beginning in September, 1974, indicated that Mr. Smith's pain and related symptoms could not be explained by any objective medical diagnosis. It is true that almost two years after the accident a medical examination revealed a minimal lumbar defect not present at the initial examination. Yet Dr. Vieth was unable to determine whether this development was related to the automobile accident. Significantly, Dr. Vieth concluded that changes in Mr. Smith's back conditions could occur without an accident and that it was unreasonable for a patient to have so many symptoms from an accident over so long a period of time without a medical examination finding some objective manifestation of injury.

1. *Donovan v. Penn Shipping Co., Inc.*, 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977), makes clear that a plaintiff may not accept a remittitur "under protest" and then challenge on appeal the correctness of the remittitur order, despite the past decisions of this court, *see Burnett v. Coleman Co.*, 507 F.2d 726 (6th Cir. 1974); *Manning v. Altec, Inc.*, 488 F.2d 127 (6th Cir. 1973), which looked to state practice to determine whether such an appeal is permitted.

The testimony of the other medical experts was consistent with the diagnosis offered by Dr. Vieth. Dr. Frye, the orthopedic surgeon who treated Mr. Smith, found that, from an objective standpoint, there was very little evidence of any permanent partial disability. And Dr. Havron, the physician who initially examined Mr. Smith, was unable to express an opinion regarding the long-term consequences of the accident.

Even though this medical testimony was inconclusive as to the nature and extent of any injuries experienced by Mr. Smith, the trial judge nevertheless viewed the evidence in a light most favorable to the plaintiffs before ordering a remittitur. The trial judge concluded that "[a]lthough there is a substantial question under the medical testimony whether all of these special damages were properly attributable to the accident or whether they were attributable in substantial part to degenerative disc disease unrelated to the accident, the Court is of the opinion that the jury, on the basis of the testimony of Mr. and Mrs. Smith, could conclude that they were attributable to the accident." Even from this posture the trial judge concluded that the verdicts were "clearly excessive."

This Court has granted a greater degree of deference to the decision of the trial judge where the remitted portion is not the subject of direct evidence but rather results from inference drawn from the facts in evidence. *Manning v. Altec, Inc.*, 488 F.2d at 133; *Burnett v. Coleman Co.*, 507 F.2d 726 (6th Cir. 1974). This case presents such a situation. No direct medical evidence supported Mr. Smith's allegation that the automobile accident was the source of prolonged disability and continuous pain and suffering preventing him from returning to work. As such, the trial judge could reasonably have concluded that the amount originally awarded by the jury exceeded the maximum which could reasonably be recovered by Mr. Smith for the losses and injuries he sustained as a result of the automobile accident. Since the jury's verdict was not "*clearly* within 'the maximum limit of a reasonable range'," the district court did not abuse its discretion in finding the verdict excessive and ordering a remittitur.

 As to plaintiff's argument regarding the admissibility of certain medical records in the second trial, this court agrees with the district court that the medical records of plaintiff's deceased physician were properly excluded under Federal Rule of Evidence 403.

Finally, we find no abuse of discretion in the district court's denial of plaintiff's motion for a new trial made after the close of the second trial. Nothing in the record indicates a deficiency in the second trial that would require yet another trial.

Accordingly, the judgment of the district court is affirmed.