**Barbara GRAY and Kentucky Farm Bureau Mutual Insurance Company, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 19, 1980.

Wendell H. Rorie, Hopkinsville, for appellants.

John J. Chewning, Chewning, White & Underwood, Hopkinsville, for appellee.

Before GUDGEL, HOGGE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered December 20, 1979, which held that the two–year statute of limitations in KRS 304.39–230 does not apply to a subrogation claim of a basic reparation insurance obligor.

This action arises out of an automobile accident which occurred on December 18, 1975. The appellants, Barbara Gray and her insurance company, Kentucky Farm Bureau Mutual, were adjudged liable for basic reparation benefits in the amount of $9,640.41 which had been paid by State Farm Mutual Automobile Insurance Company to the injured party in the accident. Barbara Gray was a secured person and would not appear to have any liability in this subrogation suit. KRS 304.39–070(2). She, however, has not raised this issue on this appeal. Although the injured party filed the tort suit within two years of the accident, State Farm did not intervene until more than two years had elapsed both from the date of the accident and from the date it made its last basic reparation payment.

The principal question is whether the two–year statute of limitations in KRS 304.39–230(1) and (6) applies to a basic reparation obligor who has paid basic reparation

benefits, but who has failed to commence an action to recoup its payments within two years from the date of its last payment.

This Court affirms the judgment because the two-year statute of limitations does not apply to a basic reparation obligor, but only to the institution of suit by an injured person or those who are entitled to survivor benefits.

The appellee's contention that the failure of the appellant to affirmatively plead the statute of limitations defense in its amended answer is without merit because the amended answer was permitted by leave of court in accordance with CR 15.01.

The major issue as to the application of the statute of limitations was correctly decided by the trial court. The statute applies only to injured persons or those who are entitled to survivor's benefits in determining when they must bring an original action. The statute of limitations does not mention when the reparation obligor shall bring an action to recover benefits which it has paid.

KRS 304.39-070(2) provides that the reparation obligor shall be subrogated to the extent of its obligation to all of the rights of the injured party. KRS 304.39-070(3) states when and how a reparation obligor can assert its claim for benefits paid. There are two methods provided. The first is by joining as a party in an action that may be commenced by the injured party, or secondly, by seeking reimbursement sixty days after the claim has been presented.

Here the reparation obligor asserted its claim by joining as a party in the suit already commenced by the injured party. This statute is silent as to any time limitations when the reparation obligor must join as a party. This silence triggers the five-year limitation statute, KRS 413.120(2). We must conclude that a reparation obligor can properly join as a party in the tort suit prior to judgment, provided the intervention occurs within five years. It is the person suffering the injury who must commence the action.

The reparation obligor of the tort-feasor does not suffer any undue burden because the right of a reparation obligor to collect is based solely on the rights of the injured person and its right of subrogation. If the injured party is not successful, then the reparation obligor cannot recover.

We cannot say that the legislature intended to bar a reparation obligor from asserting its claim against the insurance carrier of the tort-feasor by making them subject to the limitations provisions of KRS 304.39-230.

Intervention was permitted in recent decisions of this Court. *Ohio Security Ins. Co. v. Drury*, Ky.App., 582 S.W.2d 64 (1979), and *Progressive Casualty Ins. Co. v. Kidd*, Ky.App., 26 Ky.L.Summ. 11 (August 22, 1979). In both of the cited cases the injured party initiated the action by bringing suit within the two-year statute of limitations and the reparation obligor later joined as a party. In those cases there was no question of limitations for the court to consider because the proper procedure was followed.

We believe that if there are shortcomings in the statute in respect to the time limits of basic reparation obligors to present claims, that the legislature is the proper forum to correct any alleged errors.

The judgment is affirmed.

HOGGE, J., concurs.

GUDGEL, J., concurs by separate opinion.

GUDGEL, Judge, concurring.

I concur in the result reached by the majority of the panel, but deem it appropriate to state my views separately. KRS 304.39-070(2) creates a statutory right of subrogation in favor of reparation obligors who have paid BRB to an injured party against any nonsecured persons or organizations liable to the injured party. KRS 304.-39-070(3) creates a separate statutory right in favor of reparation obligors to recover BRB paid an injured party from the reparation obligor of a secured person, provided the claim is asserted by joining as a party in

any action commenced by the injured party against the secured person, or by submitting the claim for arbitration. These statutory remedies of reparation obligors to be indemnified for BRB paid are exclusive remedies and supplant any other equitable remedies. *Progressive Casualty Insurance Co. v. Kidd,* Ky., 602 S.W.2d 416 (1980). However, the MVRA is silent with respect to the statute of limitations applicable to these statutory remedies. Appellant contends that KRS 304.39–230(6) is the applicable statute of limitations. I disagree.

We are confronted here with a KRS 304.-39–070(3) situation. A reparation obligor asserted a right to recover BRB paid an injured party by joining that injured party's action against a secured third–party tort–feasor. In short, a tort action not abolished by KRS 304.39–060 was filed, and appellee intervened in that action for the purpose of asserting a KRS 304.39–070(3) claim. The applicable limitations statute with respect to the injured party's action was KRS 304.39–230(6). However, as I view this statute, it obviously was only intended to apply to actions filed by an injured party, and was not intended to apply to KRS 304.39–070(3) claims of reparation obligors. This is evident from the fact that KRS 304.39–230(6) specifically states that it applies to actions for tort liability not abolished by KRS 304.39–060, and thus, cannot be construed to apply to KRS 304.39–070(3) claims of reparation obligors for the simple reason that such a claim is not a tort claim.

Nor am I impressed by appellant's argument that to deny application of KRS 304.-39–230(6) to appellee's claim would do violence to the legislative policy which motivated enactment of the MVRA and permit reparation obligors to litigate stale claims. In the first place, unless the reparation obligor protects its KRS 304.39–070(3) claim by joining any action filed by its insured prior to judgment or by submitting the claim to arbitration, it cannot recover any BRB paid. *Progressive Casualty Insurance Co. v. Kidd, supra.* Secondly, and more importantly, there is a limitations statute applicable to such claims. KRS 304.39–070(3) creates a statutory liability. There is no time fixed by the statute for enforcing the liability. Therefore, the assertion of any claim to enforce the liability is barred if not asserted within five years of the date on which it accrues. KRS 413.120(2). Here, appellee's claim was asserted within the five–year period.

For the reasons stated, I concur in the result reached by the majority.