**GRANGE MUTUAL CASUALTY CO., Appellant,**

v.

**Ollie McDAVID and Michael T. Dickerson, Appellees.**

Supreme Court of Kentucky.

Feb. 16, 1984.

Jack T. Baker, Ashland, for appellant.

W. Jeffrey Scott, Ashland, for appellee, McDavid.

David O. Welch, Ashland, for appellee, Dickerson.

LEIBSON, Justice.

Ollie McDavid filed a negligence action against Michael Dickerson for injuries arising out of an automobile accident. McDavid had been paid no-fault benefits from Grange Mutual Casualty Co. ("Grange Mutual"), who was her basic reparation obligor (no-fault carrier). Dickerson was a secured person as defined in KRS 304.39–070, insured by General Accident Fire and Life Assurance Corp., Ltd. ("General Accident"), his liability insurance carrier. Grange Mutual claims a right to recover basic reparation benefits paid to McDavid from General Accident in the pending action.

KRS 304.39–070 gives the "reparation obligor" who has paid "basic reparation benefits" to the "person suffering the injury" the right to recover back these benefits "from the reparation obligor of (the) secured person ... by joining as a party in an action that may be commenced by the person suffering the injury[.]" The question is whether Grange Mutual is entitled to press its claim in the particular circumstances of this case.

McDavid's negligence action against Dickerson was filed April 28, 1981, and was proceeding through pleadings and discovery in the usual manner. Then on February 3, 1982, Grange Mutual filed a motion to intervene in the case and to name General Accident as an additional defendant, setting forth the amount it had paid in no-fault benefits and future medical benefits to McDavid as the basis for its claim. Counsel for Grange Mutual served notice on counsel

for McDavid and Dickerson that the motion would be heard on March 2, 1982.

At the hearing on March 2, 1982, counsel for McDavid and Dickerson, appearing on behalf of their respective parties, tendered to the court an agreed order dismissing with prejudice the case as settled between McDavid and Dickerson. The trial court signed the order of dismissal and took no action on Grange Mutual's motion to intervene. Grange Mutual appealed the order of dismissal, claiming it should be permitted to intervene and the case should not be dismissed. The Court of Appeals "dismissed" the appeal stating as a reason "that Grange is not a party, and we do not wish to strain to make it a party."

Although the Court of Appeals dismissed the appeal, its opinion further states:

"Grange Mutual still has a viable action in the trial court. All parties were on notice that Grange was exercising its statutory subrogation rights, and for that purpose Grange's suit still exists."

Grange Mutual's appeal was dismissed, but is its action still "viable?" Where and how? The parties could not figure out who won and who lost. For the purpose of sorting out the procedural rights of the various parties and nonparties to this lawsuit, we have accepted review.

Many of the underlying rights of these parties are addressed by our recent decision in *Stovall v. Ford,* Ky., 661 S.W.2d 467 (1983). Stovall sued Ford for injuries from an auto accident. Stovall's basic reparation obligor, Home Insurance Co., filed a motion to intervene seeking recovery of benefits paid to Stovall from Ford's liability insurer, American Hardware Mutual. *While the motion to intervene was pending* the trial court entered summary judgment against Stovall on grounds that she had settled her claim and given a release. The trial court then overruled the no-fault carrier's motion to intervene. We stated:

"Having set up the existence of its statutory subrogation by its motion to inter-

vene and intervening complaint, its statutory right to intervene could not be defeated by the trial court's failure to act on the motion to intervene.

American Hardware Mutual suggests that if the release from Stovall was a valid defense to her claim, then we should consider the lawsuit a nullity in which Home had no right to intervene . . . . Such a rule would be harsh and unsound. Home's rights are protected by the existence of the case at the time it sought to intervene.

CR 24.01 provides 'Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, . . .' Even though a party has a statutory right to intervene, procedurally CR 24.03 requires the party to file a motion." at p. 470.

In *Stovall v. Ford, supra,* we reached these conclusions:

"If the insured's action is dismissed without a determination of tort liability on other grounds, an insurer's intervening action is not perforce rendered untenable. In *Progressive Casualty Ins. Co. v. Kidd,* Ky., 602 S.W.2d 416 (1980), we held that the insurance company is 'the only real party in interest with regard to BRB, (and) is the only party which may be awarded damages to the extent of BRB.' 602 S.W.2d at 418.

Stovall's rights to those elements of damages covered by basic reparations benefits were abolished by KRS 304.39–060(2)(a). As reparations obligor, Home Insurance was the real party in interest with regard to such benefits and the only party who could give the tortfeasor and his insurer a release for elements of damages covered by basic reparations benefits." at p. 470.

■ The differences between the situation in *Stovall v. Ford, supra,* and the present situation are that:

(1) In *Stovall* the trial court entered summary judgment against the injured

party while the no-fault carrier's motion to intervene was pending, whereas here the trial court entered an agreed order dismissing, with prejudice;

(2) In *Stovall* the trial court thereafter overruled the motion to intervene, whereas here the trial court entered no order on the motion to intervene.

These differences are not substantive. *Stovall* is controlling. In both cases the trial court's action was intended as a final order disposing of all pending claims and thus cutting off the motion for statutory intervention per KRS 304.39–070. In both cases the trial court dismissed after finding the underlying claim had been disposed of, but not on a determination of tort liability which is the *only* ground that would preclude the injured person's reparation obligor from proceeding further. And, although in *Stovall* the trial court thereafter dismissed the motion to intervene whereas here it took no action, the practical result is the same.

Next we are confronted by a procedural issue not raised in *Stovall.* Unlike *Stovall* where the tortfeasor's liability carrier was named a party to the appeal, here General Accident was not named a party to the appeal. The reason Grange Mutual assigns for failing to do so is that since the motion to intervene has never been ruled on, General Accident has never been a party to this action. We have a paradox in which the parties to the initial action, McDavid and Dickerson, have entered into an agreed order dismissing the case between them, but the case should be reversed because Grange Mutual has been denied an opportunity to be heard against General Accident, when neither was a party to the action and General Accident is not a party to this appeal. This procedural dilemma raises a new problem which *Stovall v. Ford, supra,* did not address.

Once again we are called upon to flail about in that legislative morass styled the "Motor Vehicle Reparations Act" and known as the "no-fault" law. It has defied the best efforts of the Court of Justice to integrate it with the tort system and will continue to do so. The best we can make of this case is full of contradictions. The arguments do not come together for logical analysis and legal resolution.

In *Ashland Public Library Bd., etc. v. Scott,* Ky., 610 S.W.2d 895 (1981), we held that "if a party attempts to intervene as a *matter of right,* an order denying intervention is appealable," even though technically, the appellant is a nonparty. Thus Grange Mutual, though a nonparty, had standing to appeal. It is but a simple step, and a step made necessary if we are to afford Grange Mutual its rights under the no-fault law, to hold that since it had a right to be heard on this appeal, the procedure it used naming the "secured person," Dickerson, as appellee and serving his counsel, was sufficient. Counsel for Dickerson was employed by General Accident and presumably at least keeps it advised and represents its interest so long as it does not conflict with the interest of Dickerson, the insured. It would be preferable that the insurer, General Accident, although technically a nonparty, also be designated an appellee, and we direct that this procedural step be done in future cases. But we cannot fault Grange Mutual for failing to do so here because General Accident was not a party and Grange Mutual had no rules to go by. The problem is not of Grange Mutual's making.

The no-fault law mandates a new procedural right for which there are no rules suitable to provide a remedy if the trial court acts erroneously. Unlike any ordinary case under CR 24.01, intervention as a matter of right exists here not because of a right against one of the parties to the litigation, but because a statute creates rights between two entirely separate parties and mandates that one of them can elect to add the second case to the existing lawsuit. The trial court is required by law to permit the no-fault insurer to intervene

and assert a claim against the tortfeasor's insurer—to add this piggyback action to the lawsuit and to permit it to go forward even though the underlying action should be dismissed unless it is dismissed because there is no tort liability.

The statute places no time limitation on the right to intervene. It only requires the existence of the underlying lawsuit. The fact that the parties to the underlying action are about to settle their case, which the law permits (indeed, encourages) is not a legal reason for refusing to permit the statutory intervention. Nor does it render such intervention untimely within the meaning of the "timely application" requirement of CR 24.01.

Intervention as a matter of right, Rule 24.01, is qualified by the requirement of "timely application" to protect parties to the litigation who may be adversely affected. This requirement of "timeliness" has no relevance to the unique situation here where a statute gives one nonparty a right to intervene to set up a claim against another nonparty. The existing parties have settled their differences and have no legal interest in whether the motion to intervene is sustained. Therefore they have no right to argue its "timeliness." If General Accident has a defense to the procedure, the door is open for it to defend after it becomes a party.

█ We must either join the trial court in disregarding Grange Mutual's statutory right to intervene or extend existing appellate procedures to permit this appeal. In these circumstances, we turn to the appropriate equitable maxim, "For every right there is a remedy." *Cornett's Ex'r. v. Rice,* 299 Ky. 256, 187 S.W.2d 454 (1945). This maxim embraces the whole theory of equity jurisdiction and affords grounds for relief where a legal right exists and no adequate remedy at law is available. *Henkin, Inc. v. Berea Bank & Trust Co.,* Ky.App., 566 S.W.2d 420 (1978). We hold that Grange Mutual had standing to appeal and that the appeal is not defective because Grange Mutual failed to name General Accident, a nonparty, as an appellee. Limited to the present case only, we hold that notice to the secured person's attorney was sufficient to secure the right of appeal in this instance. To hold otherwise would create a legal absurdity. Grange Mutual has been blocked from summoning General Accident into the case as a party, and therefore, there was no procedure to name it as a party to the appeal. Grange Mutual would have no remedy. Here the statute creates a right. Neither disregarding the motion to intervene nor refusing summons to make the alleged tortfeasor's insurer a party should operate to destroy that right. We so hold in this case.

█ But we further hold, to provide a procedure prospectively, that in future appeals in these circumstances the secured person's insurance carrier shall be named an appellee, and in addition to serving notice of appeal on counsel of record in the litigation, such notice shall be separately served directly on the insurance company using the procedure for a summons.

We reverse the order of the Court of Appeals dismissing this appeal. We remand to the trial court with directions to sustain the motion to intervene and *then* the clerk shall enter the order dismissing McDavid's claim against Dickerson without prejudice to Grange Mutual's claim against General Accident.

STEPHENS, C.J., and AKER, GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENSON, J., files a dissenting opinion.

STEPHENSON, Justice, dissenting.

I do not agree that General Accident can be brought before the court by service on counsel.