**Lori A. SOUTHARD, Appellant,**

v.

**Joda HANCOCK, Appellee.**

Court of Appeals of Kentucky.

May 10, 1985.

Frank N. King, Jr., Henderson, for appellant.

William I. Markwell, Henderson, for appellee.

Before COOPER, HOWARD and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellee, plaintiff below, in an action for negligence as a result of a motor vehicle accident involving the parties. On appeal, the principal issue is whether the trial court erred, as a matter of law, in admitting into evidence the medical bills of the appellee, although the bills were paid by her reparation obligor. Reviewing the record below, we affirm.

In July of 1983, the appellee, Joda Hancock, filed this action against the appellant, Lori A. Southard, and David Gibson for injuries she received as the result of a motor vehicle accident occurring on December 12, 1981. The accident occurred when the appellant's vehicle collided with Gibson's stationary vehicle which, in turn, collided into the stationary vehicle operated by the appellee.

Subsequent to the filing of the action, a summary judgment was entered dismissing all claims against Gibson. Additionally, the trial court sustained the appellee's motion for summary judgment on the question of liability alone. In a trial on the question of damages, the jury returned a verdict for the appellee in the amount of $23,111.27. A portion of this verdict—$3,111.27—represented medical expenses incurred by the appellee, although they were paid by her no-fault insurance carrier. The trial court reduced the judgment by this amount, and entered a judgment of $20,000 for the appellee. It is from such judgment that the appellant now appeals.

Principally, the appellant argues that the trial court erred, as a matter of law, in allowing the appellee's medical bills to be admitted into evidence in that these bills were paid by her reparation obligor. Specifically, she argues that such action constituted reversible error in that the appellee's reparation obligor, and not the appellee, was the real party in interest concerning any claim for paid-out medical expenses. KRS 304.39–070(3); *Hargett v. Dodson*, Ky.App., 597 S.W.2d 151 (1979). She also argues that the trial court's action resulted in undue prejudice to her, resulting in an excessive award of damages. Reviewing the record below, we disagree.

█ Given the threshold requirements of the Kentucky Motor Vehicle Reparations Act, KRS 304.39–060, in order to pursue her tort action against the appellant, the appellee had to introduce evidence of a permanent injury, as defined by subsection 2(b), or evidence that her medical expenses exceeded $1,000. Failure to do so would have resulted in a dismissal of her action. The appellee did not allege a permanent injury, KRS 304.39–060(2)(b); rather, she alleged that her medical expenses exceeded $1,000. In that the appellant failed to stipulate the amount of such expenses, the appellee had no alternative but to introduce evidence of them.

█ More importantly, although the reparation obligor was not made a party to the action, the appellee was not allowed to recover twice for her medical expenses. The trial court specifically reduced the amount of judgment by $3,111.27. *See Smith v. Earp*, 449 F.Supp. 503 (W.D.Ky.1978);

*Thompson v. Piasta,* Ky.App., 662 S.W.2d 223 (1983). Simply stated, although the appellee made a "claim" for her medical expenses, she did not seek a recovery for them.

Although the appellant argues that the trial court's action unduly prejudiced her, the jury may have been unduly prejudiced toward the *appellee* concerning the award of damages for her pain and suffering if it had not heard evidence that she incurred some medical expenses. In that the appellant admits she entered no objection to the trial court's instruction to the jury to award the appellee damages for her medical expenses, we find no merit in the appellant's argument.

■ Finally, we reject the appellant's argument that the trial court erred in allowing the appellee to present a per diem argument with respect to pain and suffering endured by her up to the time of the trial. Such an argument, if supported by the evidence, is permissible in this jurisdiction. *See Louisville & Nashville Railroad Co. v. Mattingly,* Ky., 339 S.W.2d 155 (1960); *Paducah Area Public Library v. Terry,* Ky.App., 655 S.W.2d 19 (1983).

■ And, we reject the argument that the damages awarded to the appellee were excessive. The jury awarded her $15,000 for past pain and suffering, and $5,000 for future pain and suffering. Substantial medical evidence was presented that the appellee had suffered significant pain and suffering since the December 12, 1981 accident, and she was likely to suffer future pain and suffering. We cannot say that under all circumstances it was unreasonable for the jury to have made its award as a result of passion and prejudice. *See Davis v. Graviss,* Ky., 672 S.W.2d 928 (1984); *Lyon v. Prater,* Ky., 351 S.W.2d 173 (1961).

The judgment of the trial court is affirmed.

All concur.