Terry BECKNER and Kentucky National Insurance Company and Kentucky Central Insurance Company, Appellants,

v.

William PALMORE, Jr., Appellee.

Court of Appeals of Kentucky.

Aug. 8, 1986.

Rehearing Denied Oct. 24, 1986.

Flora Templeton Stuart, Bowling Green, for appellants.

James David Bryant, Harlin, Parker & Rudloff, Bowling Green, for appellee.

Before HAYES, C.J., and HOWARD and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment based upon a jury verdict which found in favor of appellant Terry Beckner. Beckner, however, appeals on the basis of numerous alleged errors at trial.

The three appellants filed a complaint against William Palmore for damages resulting from an automobile collision. The

insurance companies sought recovery of medical expenses and lost wages which had already been paid to their insured. At trial, following the plaintiff's opening statement, Palmore moved for judgment on the pleadings as to the claim of Kentucky National and Kentucky Central on the basis that appellee Palmore was a secured person from whom appellant's obligors could not recover. The court sustained the motion and ordered that proof would thereafter be limited to only those damages for which Palmore himself could be found liable. Accordingly, the court denied introduction of any evidence by Beckner as to basic reparation benefits in the form of medical expenses and lost wages.

■ Based upon this Court's recent opinion in *Southard v. Hancock*, Ky.App., 689 S.W.2d 616 (1985), we must reverse. It is true that the MVRA abolishes Palmore's liability to Beckner for damages already paid by Beckner's reparation obligors. KRS 304.39–060; *Hargett v. Dodson*, Ky. App., 597 S.W.2d 151 (1979). The act is designed to prevent double recovery and the insurance company is clearly the real party in interest with regard to the BRB payments. *Progressive Casualty Ins. Co. v. Kidd*, Ky., 602 S.W.2d 416 (1980). This, however, is not to say that evidence of medical expenses and lost wages is not relevant proof of the claims of the person injured.

As we held in *Southard, supra*, at 618, the injured party may be unduly prejudiced concerning the claim for pain and suffering if the jury hears no evidence of medical expenses. Moreover, failure to present either evidence of expenses incurred to the extent that they exceeded the threshold or evidence of a permanent injury could result in dismissal of the action. *Id.* at 617.

Thus, we believe the proper procedure is to reduce the amount of judgment at the conclusion of the trial to the extent that its award would provide a double recovery. *Smith v. Earp*, 449 F.Supp. 503 (W.D.Ky. 1978). In the case at bar, Beckner's claim for pain and suffering was prejudiced by the refusal to permit the jury to hear evidence of medical expenses, and the case must be retried.

■ We must next determine whether the court erred in granting a judgment on the pleadings against the reparation obligors following appellant's opening statement at trial. In this case, Beckner's reparations carriers, Kentucky National and Kentucky Central, joined as plaintiffs in the action, naming only William Palmore as the defendant. Although it became apparent prior to trial that Palmore was a secured person, pursuant to KRS 304.39–070(2), appellants failed to join appellee's carrier in the action.

Appellants recognize that their right of subrogation extends only to Palmore's obligor and that they are expressly precluded by statute from recovering against Palmore personally. *Stone v. Montgomery*, Ky.App., 618 S.W.2d 595 (1981). However, they rely upon *Gray v. State Farm Mutual Auto Ins. Co.*, Ky.App., 605 S.W.2d 775 (1980), for the proposition that the obligor's subrogation claim could be made at any time prior to *judgment* (emphasis added).

We held in *Gray, supra*, that the basic reparation obligor could intervene in an action of its insured at any time prior to judgment, so long as intervention occurred within five years. *Id.* at 776. However, in *Gray*, the tort-feasor's carrier was already properly joined in the action when the no-fault insurer intervened. Appellants contend that the judgment on the pleadings was premature and that the court should have permitted them the opportunity to join appellee's carrier during the course of the trial.

We agree that the judgment based upon only the opening statement seems harsh. However, we do not agree that *Gray, supra*, precluded the court below from such action. It appears from the record that appellants were given numerous opportunities to join the defendant's carrier prior to trial. Intervention as a matter of right is still qualified by the requirement of "timely application." CR 24.01. Furthermore, this was not a request by appellants to inter-

vene, but rather, was a request to join a new party defendant, over which the trial court has wide discretion. CR 20.01; 6 Bertelsman & Phillips, *Kentucky Practice* 392 (1984).

Moreover, we note that appellants have still failed to name Palmore's carrier in this action on appeal. We refer them to the case of *Grange Mut. Cas. Co. v. McDavid*, Ky., 664 S.W.2d 931 (1984), wherein our Supreme Court issued this directive:

> ... in future appeals in these circumstances the secured person's insurance carrier shall be named an appellee, and in addition to serving notice of appeal on counsel of record in the litigation, such notice shall be separately served directly on the insurance company using the procedure for a summons. *Id.* at 935.

The Court directed that in all future cases, the tort-feasor's insurer must be named as an appellee even where, as here, the insurer is "technically a nonparty." *Id.* at 934. Based upon the foregoing, we find no error in the granting of the judgment on the pleadings.

Because we are reversing this case for a new trial due to the exclusion of testimony regarding medical expenses and lost wages, we will address those other alleged errors which may arise upon retrial.

■ As mentioned previously, the court below precluded Beckner from presenting testimony as to medical expenses following its ruling against the reparation obligors. Subsequently, the trial judge also ruled that Beckner could not introduce hospital records in the absence of medical testimony as to their relevance. Plaintiff had apparently elected to proceed on his case without any medical proof and sought to introduce certain medical records through testimony of the hospital records custodians. The testimony is included in the record by avowal.

This Court has held that medical records are admissible into evidence when a proper foundation is laid by reason of the "shopbook" exception to the rule. *Whittaker v. Thornberry*, 306 Ky. 830, 209 S.W.2d 498 (1948). Their admission remains, however, subject to the requirements of competency, relevancy, and materiality. *Buckler v. Commonwealth*, Ky., 541 S.W.2d 935 (1976).

There is no question here that the records custodians were not competent to testify as to appellant's injuries, nor to the extent of his pain and suffering. Nonetheless, in keeping with the principles announced in *Southard, supra*, the evidence of medical treatment and expenses is relevant to the claim for pain and suffering, and failure to permit the jury to hear such evidence may have unduly prejudiced Beckner's case.

■ Appellant also alleged as error the introduction of testimony by a police officer as to point of impact. Appellee points out that Beckner was not prejudiced in any way by the testimony as the jury ruled in favor of him on liability. We agree and in the interest of judicial economy, direct that the case be retried solely on the issue of damages. *Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980). Hence, this error, if any, will not reoccur on the limited retrial.

Finally, in regard to the alleged errors in the instructions given to the jury, we note the following. The complaint as to the sudden emergency instruction is rendered moot by our order of a retrial on damages only. With respect to recovery for future pain and suffering, an instruction should be given if there is sufficient evidence before the jury to support such an award. *Williams v. Kirtley*, Ky., 263 S.W.2d 119 (1954). Instructions on credibility of witnesses and standard of proof are not required and we find no error in the trial court's refusal to so instruct.

The judgment is, therefore, affirmed in part and reversed in part and the case is remanded to the court below for a limited retrial in accordance with the views expressed herein.

All concur.