850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HARLAN COUNTY URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY
and Ronald E. Ball, Defendants-Appellants
v.
John R. SIMPSON, Plaintiff-Appellee.
 No. 87-5885.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1988.
 
 Before ENGEL, Chief Judge, and DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants Harlan County Urban Renewal and Community Development Agency (HURCDA) and Ronald E. Ball appeal the June 3, 1986 order of Chief Judge Eugene E. Siler, Jr. of the United States District Court for the Eastern District of Kentucky granting Appellee John R. Simpson's motion for a new trial in his diversity negligence action arising out of an automobile accident. Appellants further challenge the July 6, 1987 decision of Judge George E. Woods denying appellants' motion for a new trial and for remittitur.
 
 
 2
 On October 27, 1981 an automobile driven by defendant Ball, an employee of HURCDA, collided with a vehicle driven by plaintiff Simpson and also with a vehicle driven by Tamara Estes. Simpson initiated this action on October 26, 1982, claiming that Ball, while acting within the scope of his employment, was negligent in the operation of his automobile.
 
 
 3
 A bifurcated trial on the issue of liability was held on August 26, 1985. Simpson, Simpson's passenger Philip Fluker, Ball and the investigating police officer, Gary B. Lewis, were the only individuals who testified at the trial. After the conclusion of the evidence, the jury determined that Ball was not at fault. Thus, the case was dismissed on the merits.
 
 
 4
 On September 4, 1985 Simpson filed a motion for a new trial. This motion was granted in the court's order of June 3, 1986, following a determination by the court that the verdict was against the weight of the evidence.
 
 
 5
 The second trial was held on May 6, 1987. This trial led to a verdict in plaintiff's favor. The jury awarded $15,440.56 for past medical expenses, $3,750 for future medical expenses, $15,000 for lost wages, $52,000 for permanent impairment to earning capacity, $36,750 for past pain and suffering and $14,700 for future pain and suffering. This judgment for $137,640.56, less $10,000 as a statutory no-fault insurance offset, was entered by the court on May 14, 1987.
 
 
 6
 On May 22, 1987 defendants filed a motion for a judgment notwithstanding the verdict or alternatively for a new trial or to alter, amend or vacate the verdict. This motion was denied on July 6, 1987. The district court found that defendants had failed to show that the trial judge committed any error or that the verdict was excessive.
 
 
 7
 On appeal, defendants contend that the initial jury verdict finding no negligence was supported by the great weight of the evidence. They further assert that the second jury's verdict was excessive, in light of the fact that Simpson had been injured in two prior accidents and had been drawing total and permanent disability benefits as a result of them.
 
 
 8
 Our court has consistently held that in a diversity case, the question of whether a motion for a new trial is to be granted is one of federal procedure and is therefore decided by reference to federal law. See Arms v. State Farm Fire & Cas. Co., 731 F.2d 1245, 1248 n. 2 (6th Cir.1984); Still v. Townsend, 311 F.2d 23, 24 (6th Cir.1962); Werthan Bag Corp. v. Agnew, 202 F.2d 119, 122 (6th Cir.1953).[1]
 
 
 9
 Federal Rule of Civil Procedure 59(a) states that:
 
 
 10
 A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.
 
 
 11
 Judge Siler, in granting plaintiff's motion for a new trial simply stated that "the verdict was against the weight of the evidence." However, our court has held this to be an appropriate standard for ordering a new trial. See, e.g., Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1573 (6th Cir.1985) ("The trial judge has a responsibility to weigh the evidence and to set aside the jury's verdict, when, in his conscientious opinion, the verdict is contrary to the weight of the evidence.") (quoting Cecil Corely Motor Co., Inc. v. General Motors Corp., 380 F.Supp. 810, 859 (M.D.Tenn.1974); National Polymer Products v. Borg-Warner Corp., 660 F.2d 171, 178 (6th Cir.1981) (permitting a district judge to order a new trial when the jury's verdict is against the "clear weight of the evidence.").
 
 
 12
 While federal law governs a district court's decision on a motion for a new trial, the district court may be bound to follow state law when considering the potential excessiveness of a jury award. See Hammonds v. Ingram Industries, Inc., 716 F.2d 365, 371 (6th Cir.1983). Kentucky courts have consistently held that an award should not be disturbed as long as it is neither unreasonable nor the product of passion and prejudice. See, e.g., Southard v. Hancock, 689 S.W.2d 616 (Ky.App.1985); Commonwealth v. Friend, 500 S.W.2d 405 (Ky.1973).[2]
 
 
 13
 Our review of the district judge's decision to grant a motion for a new trial or a remittitur is a very limited one. In Moran v. Johns-Manville Sales Corp., 691 F.2d 811 (6th Cir.1982), we stated that "[t]he decision to grant or deny a new trial is one 'confided almost entirely to the exercise of the discretion on the part of the trial court.' " Id. at 816 (citing Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33 (1980). The abuse of discretion standard has also been applied to this sort of case in Cathey, 776 F.2d at 1573 and National Polymer Products, 660 F.2d at 178. The same standard also applies to the district judge's decision to deny defendants' motion for remittitur following the second trial. Smith v. John Swafford Furniture Co., Inc., 614 F.2d 552, 553 (6th Cir.1980); Manning v. Altec, Inc., 488 F.2d 127, 133 (6th Cir.1973).
 
 
 14
 In the first trial, the jury chose to conclude that Ball did not act negligently, despite testimony by Simpson, Fluker and Lewis that tended to implicate Ball by showing that he was on Simpson's side of the highway when he struck Simpson's vehicle. Ball testified that he did not remember the circumstances surrounding the accident. While defendants have argued that the jury could have concluded that the accident was caused by hazardous highway conditions or the intervening acts of Estes, they presented virtually no evidence on these points at trial. Thus, any verdict based upon these factors would have been based largely on speculation.
 
 
 15
 In the second trial, the jury was provided with basically the same evidence discussed above. They also had the benefit of Estes' corroborating testimony. This testimony was certainly adequate to support a finding that defendants were negligent. Defendants also claim that the second verdict was excessive because Simpson's damages were primarily the result of other injuries and because the jury failed to consider the fact that Simpson was receiving social security benefits. A review of the transcript indicates that the jury heard disputed evidence as to Simpson's other injuries and was aware of his other sources of income.
 
 
 16
 Applying the above-outlined standard, we hold that Judge Siler did not abuse his discretion, either in his decision to grant a new trial following the first trial or in his decision to deny defendants' motion for remittitur or a new trial following the second verdict. The judgment of the district court is accordingly AFFIRMED.
 
 
 
 [1]
 This position has been adopted by an overwhelming majority of other federal courts. See, e.g., Davis v. FMC Corp., Food Processing Machine Div., 771 F.2d 224 (7th Cir.1985); Ferren v. Richards Mfg. Co., 733 F.2d 526 (8th Cir.1984); Quality Foods, Inc. v. U.S. Fire Ins. Co., 715 F.2d 539 (11th Cir.1983). See generally, 11 Wright & Miller, Federal Practice and Procedure, Sec. 2802
 
 
 [2]
 There is currently some controversy in the federal courts as to whether the standard of review for damage awards should be taken from state or federal law. 11 Wright & Miller, Federal Practice & Procedure Sec. 2802. While this issue presents a close question under Erie R.R. v. Thompkins, 304 U.S. 64 (1938), we need not consider it in this case. The federal standard set out in our court and in other circuits is very similar to the Kentucky standard. See, e.g., Rodgers v. Fischer Body Div., General Motors Corp., 739 F.2d 1102 (6th Cir.1984) (requiring "plain injustice"); White v. Conoco, Inc., 710 F.2d 1442 (5th Cir.1983) (grossly excessive or the result of passion, prejudice or improper sympathy); and Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 703 F.2d 1152 (10th Cir.1981) (plainly excessive). Thus, if the district court was justified in its decision under one standard, it certainly was justified under the other