CASE 41—PETITION ORDINARY—MAY 6.

# Ragsdale v. Ezell, &c.

APPEAL FROM TRIGG CIRCUIT COURT.

1. INSTRUCTIONS—EVIDENCE—BURDEN OF PROOF.—Upon the trial of an action for criminal assault, there being no witnesses except the plaintiff and defendant, an instruction in explaining the burden of proof "that this does not necessarily mean the plaintiff must have two witnesses to the wrongful act, but that the case in all its facts and circumstances given in evidence, must preponderate, in their judgment, in favor of the plaintiff" was erroneous. In such a case the jury should be left to determine from the evidence, taken in connection with the facts and circumstances detailed by each, which of the two is to be believed.

2. PREPONDERANCE.—The word "preponderance" should not be used in such instructions, as it is only calculated to embarrass the jury when considering the issue.

3. EVIDENCE—STATEMENTS OF THIRD PERSONS.—Where the defendant shortly after the alleged assault had gone by the plaintiff's house and told her to tell her husband that C. could let him have tobacco plants, it was error to permit a witness to state by way of showing that defendant must have gone there for some other purpose, that a tenant on C's farm had told him that C was at that time short of tobacco plants.

W. G. BULLITT FOR APPELLANT.

1. The evidence of the witnesses that the negro on his place had told them Cooper had no tobacco plants to spare, was not competent. It would not have been proper to prove that even by Cooper himself.

2. The instruction which was condemned by the Superior Court on a former appeal, was given again by the lower court, in total disregard of the opinion and mandate of that court.

C. H. BUSH AND FENTON SIMS ON SAME SIDE.

(No brief in the record.)

Ragsdale v. Ezell, &c.

J. E. KELLY FOR APPELLEES.

1. The verdict and judgment is sustained by the evidence and all the admitted facts and circumstances in the case.
2. The conduct of plaintiff's attorney in the argument of the case could not have prejudiced the defendant's case, as the jury was instructed on that point by the court before they retired.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This case was appealed originally to the Superior Court, and the judgment below reversed because of an erroneous instruction.

On the return of the case the identical instruction was given and the plain mandate of the Superior Court disregarded. The action is for an alleged criminal assault made on the plaintiff, a married woman, her husband being also a party to the action. The assault is proven by the testimony of the plaintiff (the wife), and disproven by that of the defendant. Facts and circumstances are detailed by each witness in support of their testimony, all of which went to the jury and were doubtless considered.

The court below, as there was but one witness establishing the assault, took occasion to say to the jury that no greater amount of testimony than that of one witness was necessary to make out the plaintiff's cause of action, and this, as the Superior Court held, was calculated to impress the jury with the belief that in the opinion of the trial judge, the case had been made out for the plaintiff and a recovery must follow. The court on the first trial, in telling the jury the burden of proof was on the plaintiff, said that "this does not necessarily mean the plaintiff must have two witnesses to the wrongful act, but that the case in all its facts and circumstances given in evidence must preponderate in their judgment in favor of the plaintiffs."

On the return of the cause on the second trial this identical instruction was given without any qualification or explanation. As an abstract proposition the instruction is not open to objection, but where a trial court undertakes to place the right of recovery upon the preponderance of testimony in favor of the plaintiffs or those holding the affirmative of the issue, it often becomes necessary to explain what is meant by the preponderance of proof, and in doing so a jury is often misled by the trial court. On an issue of fact the party holding the affirmative or making the charge must make out his case, and when testimony is introduced on both sides as in this case the jury should be told: "If they believe from the evidence the defendant, Ragsdale, assaulted the plaintiff as charged in the petition the plaintiff is entitled to recover not only the actual damage sustained, but such further sum by way of exemplary damages as the case may warrant, not exceeding the amount claimed."

If it required only one witness to make out plaintiff's case it required only one witness to make out the defense, and, therefore, the jury should be left to determine from the evidence in connection with the facts and circumstances detailed by each which of the two is to be believed. Facts and circumstances in support of the main issue when proper go to the jury as evidence, and it is unnecessary for the court, after the admission of these facts, to call the attention of the jury to them by saying they must be considered or they may decide for the plaintiff, although he has but two witnesses to the main transaction and the defendant has three or more. The manner of the witness, the circumstances detailed by him may lead the jury to believe that he is mistaken or that no credence is to be given his state-

ments.  At least it is for the jury to determine from the evidence whether or not the plaintiff is entitled to recover, or has the defendant by his testimony shown that no cause of action exists.  The word preponderance should be omitted from such instructions, as it is only calculated to embarrass the jury when considering the issue.

There is another serious error committed by the court below in the admission of testimony.  On the same day and in a short time after the alleged assault it is shown the defendant returned to the home of the plaintiff in company with his brother, and told the family to say to the husband of the plaintiff that he had seen a man by the name of Cooper, who had agreed to let him (the husband) have tobacco plants.  It seems the husband was a tenant of the sister of the defendant, and was scarce of tobacco plants.

In order to show that the return to the house by defendant was for some other purpose, or with a view of contradicting Cooper, the court permitted the introduction of two witnesses over the objection of defendant to state that one Henry Dawson, who lived on Cooper's farm, told them that Cooper had no tobacco plants to spare.  That this testimony should have been rejected is too manifest to discuss. Reversed and remanded for a new trial, and proceedings consistent with this opinion.

The court delivered the following response to a petition for rehearing May 27, 1896:

If as contended the instructions were not excepted to, and this seems to be the case, still there is left the objection to the incompetent testimony that must necessitate a reversal.

Petition overruled.