# Altes' Ex'x v. Beauchamp et al.

March 3, 1939.

James Garnett, Judge.

HUGGINS & HOGAN, ROBERT E. HOGAN and LUTHER M. ROBERTS for appellant.

LAWRENCE GRAUMAN, County Attorney, and ROBERT L. SLOSS, Assistant County Attorney, for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming on appeal and reversing on cross-appeal.

Hon. Ben F. Ewing entered upon his duties as Judge of the Jefferson County Court, Jan. 1, 1934, and on Feb. 7th, that year, he appointed Jacob Altes a county patrolman for Jefferson County under authority of Kentucky Statutes, section 3780. He and Altes agreed the salary was to be $140 per month, or $1680 per annum, and simultaneously with Altes' appointment Judge Ewing caused to be entered on the minute books of the Jefferson County Court this order: "The court this day appoints Jacob Altes, a member of the Twelfth County Patrol as at present divided, and fixes his salary at $140.00 per month."

Under section 3780, Kentucky Statutes, such appointments are for the duration of one year and during Judge Ewing's term he reappointed Altes on Feb. 7, 1935, 1936, 1937, and he and Altes agreed the salary was $140 per month and the appointment was made and the salary was fixed for each of these years by an order duly entered on the minute book of the county court similar to the one just quoted. It was not until after February, 1937, that the county judge and fiscal court discovered that by an Act of 1930, the legislature had amended section 3783 and as amended it provided the fiscal court and not the county court should fix the salary of county patrolmen. Upon making this discovery that the law had been changed, the fiscal court ratified and approved the salary of $140 to be paid Altes for his term beginning Feb. 7, 1937.

Judge Ewing went out of office Dec. 31, 1937, and Altes was not reappointed county patrolman at the expiration of his term in February, 1938, and on April 11th of that year, he instituted this suit under section 639a—1 et seq., Civil Code of Practice, in the chancery branch of the Jefferson Circuit Court asking a declaration of his right to collect a salary of $150 per month, or $1,800 per annum, during the entire four years he served as county patrolman. Altes bases his action upon an order entered June 23, 1926, by the county court fixing the salaries of certain specified and named county patrolmen at $1,800 per annum (at which time the county court was authorized to fix the salaries of county patrolmen as this was previous to the amendment of 1930), which order of 1926 Altes alleged had never been rescinded or amended by any power with

authority so to do, therefore, it was still in force and effect; that if this order were not in effect during the terms he served as county patrolman, then during his first term the fiscal court appropriated sums to be paid him his first three semi-monthly pay days, to-wit: February 15th, February 28th, and March 15, 1934, at the rate of $150 per month, and such appropriations established his salary during his first term in the absence of any valid order of the fiscal court fixing same.

Appellees, the defendants below, plead the order of 1926 related only to the specified patrolmen named therein and did not fix the salary of the office of county patrolman; that there was no valid order entered fixing the salary of Altes, and his salary was fixed at the sum the fiscal court appropriated at the beginning of his term, to-wit: $140 per month, and that the three semi-monthly payments at the rate of $150 per month made him at the beginning of his term in 1934 were made through the mistake and error of the payroll clerk. Appellees further plead Altes was estopped from claiming his salary was $1,800 per annum as he agreed to, and did voluntarily, accept a salary of $1,680 per annum. Altes then pleads appellees were estopped from relying upon an estoppel against him as they promised to see he received the full salary of $1,800 he was claiming. But we will disregard these pleas of estoppel, as a public officer is not estopped from claiming his full salary, which is illegally reduced, by voluntarily accepting a less sum as his salary. City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. (2d) 767.

During the pendency of the suit Altes died and it was revived in the name of his executrix, Rosa Altes. The cause was submitted to Hon. Richard Priest Dietzman as special chancellor upon a stipulation containing the orders and the payrolls of the fiscal court mentioned in the pleadings, and the depositions of Mr. Harry Meyers taken in behalf of the plaintiff, Altes, and the depositions of Hon. Ben F. Ewing, and Hon. Lawrence Grauman, county attorney, taken in behalf of defendants. All these depositions relate to the demands made upon the fiscal court for payment of Altes' claim and how the mistake happened to be made as to the amount of salary paid Altes on his first three pay days in 1934. The chancellor in a written opinion, made a part of the record held: 1. That the order of June 23, 1926, entered by the county judge fixing the salary of named county

494

patrolmen at $1,800 per annum remained the salary of all county patrolmen thereafter until changed by the power which had the right thereafter to fix salaries. 2. That the allowance of a salary to Altes of $150 per month for the first three pay days in 1934 fixed the salary of his first term at that sum. That no acts on his part in accepting his salary at the rate of $140 would estop him from thereafter claiming his salary to be $150 per month. That Altes should have received $150 for his first term and there was a balance due him on his first term salary of $107, for which he was given judgment against defendants. 3. Beginning with his 1935 term Altes was paid a salary of $140 per month, which was fixed by Judge Ewing. The fiscal court was ignorant of its power to fix his salary and was told Judge Ewing had done so. By allowing Altes' salary at the rate of $140 per month on the payroll, the fiscal court adopted and ratified the fixation of his salary at $140 per month and as this allowance was never changed during the period Altes served, that remained his salary all the terms he served subsequent to 1934. Judgment was entered denying any recovery subsequent to the 1934 term.

Appellant and appellees filed a joint motion wherein appellant sought an appeal setting out a recovery of $107, and the denial of recovery for $360 claimed for the three terms of 1935, 1936 and 1937, which made the amount in issue $467. Appellees asked a cross appeal setting out that this is a test suit affecting a great number of county patrolmen in Jefferson County and the decision involves in the aggregate the sum of approximately $14,000.

While the pleadings allege a construction of section 161 and section 235 of the Kentucky Constitution (which forbid the changing of a public officer's salary after appointment or election, during the term of office) is involved in this litigation, yet all parties admit there was no change made in Altes' salary after his appointment, hence these two sections of the constitution will not be considered.

As we view the case, there are only two questions involved. First, did the order of the county court on June 23, 1926, fix the salary of the office of county patrolman for Jefferson County, or did it merely fix the salaries of the patrolmen designated in that order? If this order fixed the salary for the office, then Altes was

correct in his contention and his executrix is entitled to recover $10 per month on his salary for the four terms he served, with the exception of the first three pay days in 1934 when he was paid at the rate of $150 per mouth. Second, did the fiscal court make an appropriation at the beginning of his term in February 1934, to pay him at the rate of $150 per month, or was such pay at that rate a clerical misprision, or mistake, on the part of the payroll clerk? If the appropriation at the rate of $150 per month was made intentionally by the fiscal court for Altes' first pay day in February 1934, then his salary for his first term was fixed at that figure and the chancellor's judgment is correct. If the fiscal court did not intend to make this first appropriation at the rate of $150 per month, but that same was a clerical misprision, or mistake, then the chancellor erred.

So much of the order of June 23, 1926, as is pertinent to our case reads:

"That on June 23, 1926, at a Court held for the Jefferson County Court, the following is entered of record. * * *

"The court thereby fixes the salary of each of the following named County Patrolmen of this County, at salary of $1800.00 per annum, from and after June 16, 1926:" (Then follow the names of thirty individuals.)

Obviously, this order did not fix the salary of the office of county patrolmen—it fixed the salaries of the thirty individual patrolmen named therein. Therefore, this order has no application to the case at bar.

In making the appropriation to pay salaries semi-monthly in Jefferson County the fiscal court does not make an order appropriating the salary to be paid each individual employed, but it makes an order for the total amount required to meet the payroll in each department and then the payroll clerk sets out the name and amount paid each individual employee. The fact that the payroll clerk made a misprision, or error, in the figures he, or she, put following the name of an employee would not be binding on the county. Suppose in this instance the clerk in making up the first payroll on which Altes' name appeared in 1934, had written $50 after the name of Altes. Could it be logically contended that Altes' salary would be $100 per month, and the fiscal court must leave it at that figure during his entire term of

one year? Or, suppose $200 through mistake had been written after Altes' name. Could it be logically contended the fiscal court was without power to correct the mistake, and that it must pay Altes $4,800 for his first term of one year? Clearly, the answer to both of these questions must be in the negative. This does not contravene the rule expressed in Roberts v. Walker, 227 Ky. 591, 13 S. W. (2d) 761, that the first appropriation for the salary of an officer after election, or appointment, where it had not been fixed by previous order, operates as an establishment of his salary for that term. Our ruling is that where the appropriation is made by the fiscal court, and the payroll clerk makes a mistake and pays more to the officer than was appropriated for that purpose, such a mistake does not fix the salary for the term. Indeed, if the fiscal court intended to appropriate at the rate of $140 to pay the first installment due on Altes' salary and it made a numerical mistake and appropriated at the rate of $150, then the fiscal court would not be bound by the mistake it made any more than it would be bound by the mistake made by its payroll clerk.

Judge Ewing testified he and Altes agreed the salary to be paid was $140 per month, and the invalid order Judge Ewing entered Feb. 7, 1934, shows the salary was fixed at this sum. Two other such invalid orders fixing Altes' salary at this same figure were entered by Judge Ewing in February 1935 and February 1936. Judge Ewing had authority to appoint Altes, but did not have authority to fix his salary. Although these three orders had no valid effect and although neither Judge Ewing nor the fiscal court knew they were invalid at the time they were made, yet these orders prove conclusively to us that the fiscal court in making the appropriation Feb. 15, 1934, to meet the semi-monthly payroll (which included Altes' first salary) appropriated funds for the first payment of Altes' salary at the rate of $140 per month, and the payment at the rate of $150 per month was but the error of the pay roll clerk. The chancellor correctly held that the first appropriation made by the fiscal court for the payment of Altes' salary at the beginning of each one year term for 1934, 1935, 1936 and 1937, fixed his salary at that rate for each of the four terms of one year. It is clear to us that the first appropriation for each of these terms was at the rate of $140 per month.

Appellant registers vigorous objections to the testimony of Judge Ewing and Mr. Grauman, citing Duff v. Knott Co., 238 Ky. 71, 36 S. W. (2d) 870; Com. for Use of Patrick v. Williams, 252 Ky. 133, 65 S. W. (2d) 1012; Town of Nortonville v. Woodward, 191 Ky. 730, 231 S. W. 224, and several other like cases. An examination of these authorities show they hold a court of record, and municipal corporation, only speak through their records, and parol evidence cannot be introduced to show the meaning of orders or to contradict them. The oral testimony of Judge Ewing and of Mr. Grauman did not attempt to contradict the records of the fiscal court, nor to explain them, but only to show that a mistake was made by a payroll clerk in executing the order of the fiscal court, and such evidence is competent for such purpose.

The joint motion for appeal and cross appeal is sustained and the case is affirmed on the appeal and reversed on the cross appeal.