Hortense SHERMAN, Appellant,

v.

PRAETORIAN MUTUAL LIFE INSUR-
ANCE COMPANY, Appellee.

No. 15546.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 28, 1969.

Rehearing Denied Dec. 18, 1969.

Edward Lasof, Harry Burns, Houston, for appellant.

John N. Harris, Jr., Dallas, Geo. D. Neal, Houston, for appellee.

COLEMAN, Justice.

This is a suit to recover the proceeds of a policy of life insurance. The case was defended on the ground the issuance of the policy was induced by the fraudulent misrepresentations of the deceased policy owner contained in the application for the policy.

The case was tried to a jury and judgment was entered on the jury findings cancelling the policy. This appeal is predicated on the error of the trial court in failing to submit to the jury an issue which would establish that the insurance company relied on the fraudulent misrepresentations in issuing the policy. Appellant properly objected to the court's charge on the ground that such an issue was not contained in the charge, pointing out that the burden of securing such a finding was upon the appellee, and that in the absence of such a finding there would be no basis for a judgment in favor of the appellee.

Appellee contends that reliance on the misrepresentations of fact found in the application was established by the evidence as a matter of law; and that the fact of reliance was necessarily found by the jury in their favor by their answer to special issue number 2 asking whether the misrepresentations of fact were made by Thomas J. Sherman for the purpose of wrongfully inducing the company to issue the policy in view of the definition of "wrongfully inducing" given the jury.

■ Appellant's point of error number 3 is sustained. The burden of invalidating the policy rested on appellee. To sustain this burden appellee was required to establish five elements: the making of the representations, the falsity thereof, the materiality thereof, reliance thereon by the insurer, and the intent to deceive on the part of the insured in making same. Manhattan Life Insurance Company v. Harkrider, 396 S.W.2d 207 (Tex.Civ.App.—Austin, writ ref., n.r.e., 1965); General American Life Ins. Co. v. Martinez, 149 S.W.2d 637 (Tex.Civ.App.—El Paso, writ dismissed, judg. cor., 1941).

■ Where an issue of fact is raised by the evidence, which is an essential element of a cause of action or of an affirmative defense, and a proper objection to the charge for failure to include such an issue in the charge is made, the trial court is required to submit the issue in clear and unambiguous language. Hardware Dealers' Mutual Fire Ins. Co. v. King, 426 S.W.2d 215 (Tex.1968); Texas and Pacific Railway Company v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958).

■ Special issue number 2 does not submit the issue of reliance in clear and unambiguous language. It reads:

"Do you find from a preponderance of the evidence that Thomas J. Sherman in making the answer to Paragraph 8 of the Application for Insurance that he had not within the past five years consulted or been attended by a doctor or other practitioner that said answer was made by him for the purpose of wrongfully inducing the Praetorian Mutual Life Insurance Company to issue said policy of insurance?"

The definition of "wrongfully inducing" found in the charge reads:

"By the term 'wrongfully inducing' as used in this Charge, is meant the concealment or misstatement of facts as an inducement to a reasonably prudent insurance company to issue a policy of insurance, which policy would not have been issued if such facts had not been concealed or misstated."

By their answer to special issue number 2 the jury found that Thomas J. Sherman made the representation *for the purpose of* inducing the insurance company to issue a policy which it otherwise would not have done. It inquires as to the motive of Sherman, not the action of the company. The jury might have concluded that it did not know what action the company would have taken had it known the true facts, but that Sherman misrepresented the facts for the purpose of inducing the company to issue the policy, when *he thought* the company would not issue it if he stated the facts truthfully. The issue submitted did not directly and unequivocally ask whether the company relied on the answers made by Sherman and by reason thereof issued a policy which it otherwise would not have issued. Christy v. Blades, Tex., 448 S.W.2d 107.

Sherman was fifty-one years of age. There was evidence that at the time the policy was issued he was in good health. He had never been in a hospital. He had never had any symptoms of cancer or heart trouble. He had consulted Dr. B. D. Thompson and had been treated for pleurisy, run-down condition, an eye infection, and, possibly sore throat, influenza and similar ailments. He had been treated for pleurisy a few days before he made the application. Mr. Sherman died on March 30,

1966, due to lung cancer. The policy was issued on January 12, 1965.

On January 11, 1965, at the instance of the insurance company, Mr. Sherman was given a physical examination by Dr. Messer. Dr. Messer examined the applicant's head, neck, ears, heart, blood pressure, lungs, abdomen, hernia, kidneys and reflexes. He found Mr. Sherman to be in normal health. Dr. Messer testified that Mr. Sherman did not have pleurisy at the time of his examination, and that had he known of the previous condition he would have recommended him as a good insurance risk. Dr. Thompson testified that the last time he saw Mr. Sherman he considered that Mr. Sherman would live a normal life span.

Mr. John E. Mayo, Secretary of the insurance company, was in charge of underwriting for the company. He testified that he approved the issuance of the policy in question because "it was a very clean application," but that had he known of the treatments given Mr. Sherman by Dr. Thompson, he would not have approved the policy. On cross-examination he admitted that he also considered Dr. Messer's examination. He did not bring Dr. Messer's report from Dallas with him. He noticed a discrepancy in the application. Mr. Sherman had answered to one question that he had never had a tumor, abscess, cyst or growth of any kind. In answer to another question he stated that he had had a cyst removed by Dr. Thompson in 1956. Mr. Mayo did not request any information concerning this treatment from Dr. Thompson until after the death of Mr. Sherman. He testified that had he known the true facts he would have turned down the policy because of "frequency of treatment for pleurisy and/or some unknown condition."

The policy included decreasing term insurance in the initial amount of $16,000., and ordinary life insurance in the amount of $4,000. It was issued in connection with a mortgage loan, and the application was made at the instance of the lender.

Mr. Mayo was an interested witness, and his testimony merely raised an issue of fact unless it comes within the exception that a fact is established by such testimony "where the testimony of the interested witness is not contradicted by any other witness or by attendant circumstances and is clear, direct, positive and free from inaccuracies and circumstances tending to cast suspicion thereon." Melody v. Texas Society of Professional Engineers, 421 S.W.2d 693 (Tex.Civ.App.—Dallas, 1967, no writ).

Mr. Mayo's testimony with reference to reliance was not corroborated. Appellant did not have the means or opportunity to disprove it. There are some circumstances tending to cast suspicion thereon. A medical examination was required and, on cross-examination, he admitted relying on it in part. He noted the inconsistent statments in the application. He did not request a report on the cyst operation from Dr. Thompson before the policy was issued, but did so soon after the death of Mr. Sherman. Reliance is not established as a matter of law.

In his book on special issue submission, Professor Gus M. Hodges states:

"An appellant who has made proper complaint of the omission of an issue, as distinguished from an independent ground of recovery or defense, in addition to complaining of the overruling of his objection to the charge or the refusal of his request may also complain that the judgment is not supported by the incomplete findings on the submitted issues and cannot be supported by any express or deemed findings. In these circumstances, unless the appellee has asserted counterpoints as to the omission, and if the omitted issue was an essential element of appellee's ground of recovery or defense, judgment might be rendered for appellant rather than remanded. For example, where the only theory upon which the judgment for plaintiff could be supported was that of discovered peril, and the element of defendant's negligence was

omitted from the charge over defendant's objection, the judgment was reversed and rendered." Hodges on Special Issue Submission in Texas, Sec. 85, p. 220.

Since appellee has failed to secure an affirmative jury finding on an issue necessary to establish its defense, the judgment of the trial court is reversed and judgment is here rendered that appellant recover for the amount of the policy plus a penalty of 12% thereof, interest and attorney's fees in the amount of $7,500. as found by the jury. West Texas Production Credit Ass'n v. Harding Chem., Inc., 407 S.W.2d 950 (Tex.Civ.App.—Dallas 1966, error ref., n. r.e.); Stillman v. Youmans, 266 S.W.2d 913 (Tex.Civ.App.—Galveston 1954).

Reversed and rendered.