**COMMONWEALTH of Kentucky, Movant,**

v.

**Sam CALLAHAN and Lonnie Pack, Respondents.**

Supreme Court of Kentucky.

Sept. 13, 1984.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for movant.

Office of Public Advocate, Covington, for respondents; Robert J.W. Howell, Covington, of counsel.

GANT, Justice.

This action arises on discretionary review from an opinion of the Court of Appeals reversing the convictions of the respondents because of what that court conceived as prejudicial error during the final argument.

During his argument, defense counsel made the following attempt to define reasonable doubt:

The other thing is the reasonable doubt. Now, since most of you have already been on a jury, you have some idea of what reasonable doubt means. The burden is on the Commonwealth to prove Mr. Callahan and Mr. Pack guilty beyond a reasonable doubt. You may ask yourself exactly what does that mean. My interpretation of that is that if there is any doubt in your mind at all, it doesn't matter how much doubt. I mean if it's just a little bit, then you have to find my client not guilty.

The prosecutor objected to this, which objection was sustained. Subsequently, during his closing argument, the prosecutor stated:

Now I submit to you that [defense counsel's definition] is not reasonable doubt. Now, the judge has instructed you in the instructions on what reasonable doubt is. There is a little doubt about whether we are even here today. When I went to college I had some teachers that could practically prove to you that we weren't even here today. But that's not what reasonable doubt is. The judge has instructed you in the instructions as to what reasonable doubt is and you read that and follow it.

■ Paradoxically, the trial court, in deference to RCr 9.56, gave no definition of reasonable doubt. However, we disagree with the Court of Appeals which, in its opinion, seems to hold that, having sustained the objection of the Commonwealth to the argument of defense counsel, it was prejudicially erroneous to permit discussion of its concept of reasonable doubt by the Commonwealth. We disagree that the colloquy of the prosecutor constituted any attempt to define the phrase "reasonable doubt," and, indeed, it deferred to the trial court for its nonexistent definition.

This case is a part of the progeny spawned by *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), in which case the Supreme Court of the United States appeared to criticize, in dictum, the definition of "reasonable doubt" contained in *Merritt v. Commonwealth*, Ky., 386 S.W.2d 727 (1965). The reaction to the dictum in that case was the enactment of RCr 9.56(2), which reads: "The instructions should not attempt to define the term 'reasonable doubt.'"

This rule, together with Commentary in Palmore, *Instructions To Juries*, Vol. 2, Sec. 13.01, have been construed as an open invitation to both prosecution and defense to define the words "reasonable doubt." That Commentary reads:

Contrary to the practice in some jurisdictions where the trial judge comments at length to the jury on the law of the case, the traditional objective of our form of instructions is to confine the judge's function to the bare essentials and let counsel see to it that the jury clearly understands what the instructions mean and what they do not mean.

The removal of the definition of reasonable doubt from the instructions in the

Commonwealth is well founded in case and textbook law. In 9 Wigmore, *Evidence*, Section 2497 (Chadbourn rev. 1981), there is contained an excellent annotation on the subject, one quote, at page 412, reading:

> We do not think that the phrase "reasonable doubt" is of such unknown or uncommon signification that an exposition by the trial judge is called for. Language that is within the comprehension of persons of ordinary intelligence can seldom be made plainer by further defining or refining. All persons who possess the qualifications for jurors know that a doubt of the guilt of the accused, honestly entertained, is a reasonable doubt.

Having prohibited the court from definition of the term "reasonable doubt" in the instructions, by RCr 9.56(2), we can hardly condone a client-serving definition by defense counsel or prosecutor in either voir dire, opening statement or closing argument. As stated in *Taylor, supra*, "... arguments of counsel cannot substitute for instructions by the court." We do not intend by this holding that counsel cannot point out to the jury which evidence, or lack thereof, creates reasonable doubt, but all counsel shall refrain from any expression of the meaning or definition of the phrase "reasonable doubt." As stated in Wigmore, *supra*, page 408:

> The effort to perpetuate these elaborate unserviceable definitions is a useless one and serves today chiefly to aid the purpose of the tactician. It should be abandoned.

Prospectively, trial courts shall prohibit counsel from *any* definition of "reasonable doubt" at any point in the trial, and any cases in this jurisdiction to the contrary are specifically overruled.

The opinion of the Court of Appeals is reversed, and this case is remanded to the Court of Appeals for consideration of the other alleged errors in the trial of this case.

All concur.