**Wanda HALL, Appellant,**

v.

**Juanita ARNETT, an Incompetent by Dolly Mae GREENE, Conservator, Appellee.**

Court of Appeals of Kentucky.

May 2, 1986.

William R. Weinberg, Hindman, for appellant.

Gordon B. Long, Salyersville, for appellee.

Before COMBS, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment entered upon a jury verdict in an action to quiet title to real property.

J.K. Arnett died testate on October 4, 1972, having drafted a holographic will replete with mistakes and erasures, and it is one of those erasures that serves as the basis of this litigation. The will was admitted to probate, but due to the fact that the county clerk had no photocopying machine

**852**

the will was typed in the Will Book and in so doing, the name of Wonita (the testator consistently misspelled Juanita) was transposed to Wanda.

Surviving J.K. was his wife Bertha, to whom he left a life estate, several children, one of whom was an incompetent, Juanita Arnett, and a granddaughter, Wanda Arnett Hall. The widow died on August 30, 1982, thus activating the bequests of testator, one of which purported to leave what was referred to as the "old home place" to Juanita. Relying upon the transposition in the typed copy in the Will Book, Wanda took the position that the home place had been devised to her so Juanita's conservator brought an action to quiet title. The jury verdict favored appellee.

■ The appellant's first assignment of error is that the trial court denied her motions to dismiss the complaint and, later, for a directed verdict, on the ground that the cause of action was in reality a collateral attack on a public record. We disagree for the subject matter of the suit was title to real estate much the same as a similar action based upon an erroneous call in a deed or a mistake in a deed. We perceive no difference whether we have a transposition in a will or a deed because the gravamen of the dispute is the land and the settlement of its title. We note that appellant filed a counterclaim seeking to gain the property and used as her basis the miscopied will, as opposed to the handwritten will, so both parties, if we had accepted Hall's argument, would be in the same position of collaterally attacking a public record.

■ Appellant next claims the action was barred by the ten-year statute of limitations provided for in KRS 413.160 since Arnett's will was lodged in the county clerk's office in October, 1972, and this action was commenced in May, 1983. This argument too must fail for KRS 413.170(1) removes infants and those of unsound mind from the operation of the statute of limitations until the disability is no longer sustained. Appellant can hardly contest appellee's incompetency for in the second numer-

ical paragraph of her answer she admits Juanita's disability. In addition, we recall that J.K. left Bertha a life estate in all his realty and it was not until her death, August 20, 1982, that the bequests took effect and it was shortly thereafter (about a month) that Woodrow Arnett, brother of appellee, learned that Wanda was claiming the property. This litigation was filed on May 27, 1983. We conclude KRS 413.160 has no application here.

■ Wanda Hall's third contention takes the trial court to task for its instruction to the jury to the effect that she had to prove her case on her counterclaim by a preponderance of the evidence. We are aware that a jury should not be told that the burden of proof is on one party or another, *Burns v. Capital Beverage Co.,* Ky., 472 S.W.2d 510 (1971), or that a litigant must prove his or her case by a preponderance of the evidence. *Ragsdale v. Ezell,* 99 Ky. 236, 35 S.W.2d 629 (1896); 2 Palmore, *Kentucky Instructions to Juries,* § 13.11(f). However, we are not aware of any case that has been reversed on this ground alone nor is our attention directed to such an opinion. At the most, as is pointed out in *Ragsdale, supra,* the use of the word preponderance is nothing more than an embarrassment to a jury when considering the issue. We believe the better view as to what is harmless as opposed to substantial, error is embodied generally in CR 61.01 to the effect that unless an error substantially affects the rights of the parties, then it is harmless. As applied to instructions this jurisdiction takes the position as enunciated in *Miller v. Miller,* Ky., 296 S.W.2d 684, 687 (1956), to the effect:

An error in a court's instructions must appear to have been prejudicial to the appellant's substantial rights or to have affected the merits of the case or to have misled the jury or to have brought about an unjust verdict in order to constitute sufficient ground for reversal of the judgment. (citations omitted)

We are unable to discern from the record that appellant's substantial rights were affected or the jury misled or that an unjust

verdict was reached so the instruction was erroneous but not grounds for reversal.

The next assignment of error revolves around the admission of parole evidence as it applied to the public record, namely, the typewritten will. As a general rule such evidence is inadmissible when its introduction is sought to alter judicial documents, but, as with most rules, there are exceptions. In the case at bench, we have a holographic will which when admitted to probate was typed in the Will Book. In this transposition procedure, a typographical mistake was made thus presenting two versions of the same public record. There is little authority in this area of evidentiary jurisprudence but we note at 30 Am.Jur.2d *Evidence* § 1036 (1967), the following:

> Parol evidence is admissible to show that a public record or document has been altered since this does not vary the record but, rather, shows that the record in question is not the true one that was actually made.

Perhaps, more in point is 32A C.J.S. *Evidence* § 934 (1964), where the view is expressed that parole or extrinsic evidence may be received to correct clerical errors in public records or documents or judicial records. Moreover, it has also been said that "[t]he record of a will is not conclusive, but may be attacked as not being a correct copy of the will." 32A C.J.S. *Evidence* § 866 (1964). It appears that this jurisdiction would agree with these aforementioned principles for in *Altes' Ex'x. v. Beauchamp*, 277 Ky. 491, 126 S.W.2d 867, 871 (1939), the court found unobjectionable a county judge's testimony which showed that a mistake had been made by a payroll clerk in executing an order of a fiscal court.

Issue is also taken with the admissibility of the testimony of two beneficiaries under the will, specifically that of Woodrow Arnett and Wiley Arnett, on the basis that the dead man's statute, KRS 421.120, prohibits such evidence because they were interested parties. What the witnesses testified to was the fact that the testator had on a number of occasions stated that he wanted his daughter, Juanita, to have the "old home place." These witnesses already had obtained their bequests which could not be added to or decreased or their interests affected by any judgment in the case. They had no interest in the subject matter of the case. With this in mind, we look to *Truitt v. Truitt's Adm'r.*, 290 Ky. 632, 162 S.W.2d 31, 34 (1942), to the effect:

> The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent. *See also* Lawson, *Kentucky Evidence Law Handbook*, § 11.00 at 362 (2d ed. 1984).

By way of reply brief, appellant seeks to raise an issue she neither presented to the trial court throughout those proceedings nor to this Court in the original brief. This is impermissible and we refrain from addressing the matter. *Milby v. Mears*, Ky.App., 580 S.W.2d 724, 728 (1979), and CR 76.12(4)(f).

The judgment is affirmed.

All concur.