COMMONWEALTH of
Kentucky, Appellant,

v.

Roy C. HUBER, Appellee.

Supreme Court of Kentucky.

June 12, 1986.

David L. Armstrong, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellant.

Stephen P. Durham, Asst. Public Advocate, Thomas Hectus, Appellate Public Advocate, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the conviction of Huber for first-degree burglary and receiving stolen property.

The issue is whether the trial court abused its discretion in refusing to allow cross-examination of the witness about her prior mental condition absent a showing that the condition affected her credibility.

At trial the witness testified for the prosecution against Huber. The defense counsel attempted to cross-examine the witness concerning her past psychiatric problems but the trial judge prohibited that line of questioning. The desired testimony was put into the record by avowal. The witness on cross-examination testified that she had been previously diagnosed as manic-depressive and had been hospitalized on three occasions for treatment of that condition. She testified by avowal that her condition had been caused by a lack of lithium, that she was taking medication for the condition, that she had never suffered hallucinations as a result of the condition and that she had not been hospitalized for more than two years prior to the testimony. The Court of Appeals, by a 2 to 1 vote, reversed the conviction and remanded for a new trial. This Court accepted discretionary review.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of conviction entered by the trial court.

■ The trial court did not abuse its discretion in refusing to permit the witness to be cross-examined about her prior mental problems.

The prior mental treatment of a witness is not relevant as to the credibility of that witness unless it can be demonstrated that there was a mental deficiency on the part of the witness, either at the time of the testimony or at the time of the matter being testified about. The mere fact that a particular witness has been treated for any kind of psychiatric problem in the past is of no significance in the impeachment of that witness unless it can be shown that the psychiatric problems relate in some way to the credibility of the witness.

The avowal testimony shows that the witness suffered from manic depression, but without the benefit of expert medical testimony at the time of the trial that this illness somehow affected the ability to recall or caused her to fantasize events, it cannot be said that the severe changes of mood would necessarily affect her credibility.

The authorities cited by Huber are distinguishable from this case. In *Wagner v. Commonwealth*, Ky., 581 S.W.2d 352 (1979), the prosecuting witness was receiving shock treatments which affected her memory and the court ruled that such evidence was relevant and competent because it tended to impeach her credibility. In *Mosley v. Commonwealth*, Ky., 420 S.W.2d 679 (1967), the alleged victim was under current treatment for schizophrenia, and her psychiatrist testified by avowal that one of the manifestations of this disease in the alleged victim was sexual fantasies. It was held that this expert testimony was relevant and competent and should have been admitted to impeach the credibility of the alleged victim.

In contrast no expert medical testimony was offered in this case to connect the past episodes of manic depression with any challenge to her credibility.

In addition, in both *Wagner* and *Mosley*, the sole evidence against the accused was the uncorroborated testimony of an alleged rape victim. Here the victim of the burglary supplied corroborating evidence to support the challenged testimony.

■ The refusal of the trial court to admonish the jury about the remarks of the prosecutor concerning reasonable doubt was not reversible error. This case was tried two months prior to the decision in *Commonwealth v. Callahan*, Ky., 675 S.W.2d 391 (1984). *Callahan, supra,* stated that *prospectively*, trial courts should prohibit counsel from any definition of reasonable doubt at any point in the trial. The Court of Appeals did not address this assignment of error because it reversed and remanded the case. We are not convinced by the arguments of Huber on this issue.

The trial judge sustained the defense counsel's objection but refused to admonish the jury. No further action was requested of the trial judge. The trial judge did not define the term "reasonable doubt" in its instructions. Consequently the trial judge adhered to RCr 9.56(2).

It is the holding of this Court that the trial judge did not abuse his discretion in refusing to allow cross-examination of a witness without prior psychiatric conditions absent a showing that the condition affected the credibility of the witness.

The decision of the Court of Appeals is reversed and the judgment of conviction by the trial court is reinstated.

All concur.