Avie DAVIS, Movant,

v.

Linda Davis
COLLINSWORTH, Respondent.

No. 88–SC–140–DG.

Supreme Court of Kentucky.

June 8, 1989.

John A. Nefzger, Frenchburg, for movant.

Daniel H. Mason, Northeast Kentucky Legal Services, Inc., Morehead, for respondent.

GANT, Justice.

This case began as an action for dissolution of marriage between David Davis and Linda Davis (now Collinsworth). These parties separated June 1, 1983, after David forced Linda from the house and threatened her not to try to return or to see their two children, Sandra and Amber. Linda sought help from the movant herein, Avie Davis (David's mother), but received none, and lived with friends for a few weeks.

On August 20, 1983, David filed for divorce, and Linda, not represented by counsel in the divorce action, signed a Separation Agreement which she alleges she never read. Under this agreement, custody of the two children was awarded to David.

In November, 1983, David and his live-in girlfriend (who later became his second wife) physically abused Amber, the youngest child, causing her to be hospitalized. At the time of the abuse, Linda was living with Avie, and the other child (Sandra) came to live with them. David and Jessie, his second wife, were convicted of child abuse and sent to the penitentiary.

A juvenile court hearing was held concerning temporary custody of the children, and custody was awarded to the movant, Avie Davis, the paternal grandmother. This action was instituted by the Department of Human Resources, and it is significant that Linda was not represented by counsel or given an opportunity to testify at the custody hearing. Of course, at that time Linda had no home to which to take the children other than the home of Avie Davis.

Linda subsequently retained an attorney to finalize the divorce and set aside the Separation Agreement, to obtain custody of her children. The divorce was finalized on June 1, 1984, the issue of custody being reserved.

A hearing was finally held on the custody question. The parties to this hearing were Linda (the mother of the children) and Avie Davis (the paternal grandmother),

who intervened pursuant to KRS 403.-420(4)(b) and KRS 403.490. The trial court found the mother to be unfit and found it to be in the best interest of the children to place custody in the grandmother, Avie Davis. On appeal, the Court of Appeals reversed, finding there was insufficient evidence to support the finding of unfitness in the mother. We agree with the Court of Appeals, and affirm.

The United States Supreme Court has recognized that *parents* have fundamental, basic and constitutionally protected rights to raise their own children and that any attack by third persons (and we would include grandparents in that category) seeking to abrograte that right must show unfitness by "clear and convincing evidence." *See Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

This court has said, in *McNames v. Corum,* Ky., 683 S.W.2d 246, 247 (1985):

> It is our holding that before any court even considers the best interest of the child in an action involving parent and nonparent ... there must be a showing that the parent is not a fit person to have custody.

In the *McNames* case, the lower court had found the natural mother to be a fit person, and thus no guidelines were ever established in that case by which to define "unfit person." Our courts have always required clear and convincing proof in these cases; e.g., *see Boatwright v. Walker,* Ky.App., 715 S.W.2d 237 (1986). Although we are always reluctant to overturn factual findings of the trial court, we have carefully examined the evidence herein and found there is virtually no evidence at all that Linda Collinsworth is an unfit mother, not suitable for the trust of her children. There is an absolute failure to meet the standard of clear and convincing evidence to prove her unfitness.

The type of evidence that is necessary to show unfitness on the part of the mother in this custody battle with a third party is: (1) evidence of inflicting or allowing to be inflicted physical injury, emotional harm or sexual abuse; (2) moral delinquency; (3) abandonment; (4) emotional or mental illness; and (5) failure, for reasons other than poverty alone, to provide essential care for the children.

There was simply no evidence of any of these factors present in the instant case. Of course, there can be no abandonment when, as here, the wife was forced to leave the home under threat of physical violence. KRS 403.270(2). The mother's only shortcoming was founded in poverty, and we note with interest that no effort was made by the Commonwealth to secure aid for the mother as the destitute mother of children of a convicted felon, thus multiplying her difficulties.

We affirm the Court of Appeals in awarding custody to the mother/respondent, Linda Davis Collinsworth. We would point out, however, that the paternal grandmother may be granted reasonable rights of visitation, pursuant to KRS 405.-021.

STEPHENS, C.J., and LAMBERT, LEIBSON and COMBS, JJ., concur.

VANCE, J., files a dissenting opinion in which WINTERSHEIMER, J., concurs.

VANCE, Justice dissenting.

I respectfully dissent because the trial judge in his findings of fact and conclusions of law determined that the respondent, the natural mother, was not a fit or proper person to have the custody of her minor children. He recited the facts upon which he based his determination.

The Court of Appeals reversed his decision because, in its view, the trial judge was required to find such a degree of unfitness as would justify a termination of the mother's parental rights before he could grant custody to the grandmother. There is dicta to that effect in *Boatwright v. Walker,* Ky.App., 715 S.W.2d 237, 244 (1986). The majority opinion does not discuss the propriety of the *Boatwright* standard for determination of unfitness, but seemingly establishes a lesser standard,

and holds that the evidence of unfitness of the natural mother was insufficient to deprive her of custody.

In my opinion, the findings of the trial judge were not clearly erroneous, nor did his judgment constitute an abuse of discretion. For that reason I would reinstate the judgment of the trial court.

WINTERSHEIMER, J., joins in this dissenting opinion.