William R. HARDIN, Jr., and Brenda S. Hardin, Appellants,

v.

Michael R. SAVAGEAU and Debra Savageau, Appellees.

No. 94–SC–405–DG.

Supreme Court of Kentucky.

Sept. 21, 1995.

Charles R. Holbrook, III, Anna H. Ruth, Ashland, for appellants.

David Hermansdorfer, A. Scott Coburn, Ashland, for appellees.

LAMBERT, Justice.

The sole issue presented is whether the trial court erred in this fraud case when it included the phrase "by clear and convincing evidence" in its instructions to the jury. The Court of Appeals answered in the affirmative and reversed the judgment for a new trial. This Court granted discretionary review to consider whether it is proper in cases where substantive law requires a heightened standard of proof to include that standard in the court's instructions to the jury. Remarkably, this issue appears to be of first impression in this jurisdiction. CR 76.20(1).

Upon an agreed statement of the case pursuant to CR 75.15, it appears that appellees brought a civil action against appellants claiming fraud in the sale of residential real property. Appellees' allegations were denied by appellants and the issues were joined. At trial, upon disputed evidence, the court instructed the jury, over appellees' objection, as follows:

> You will find for the Plaintiffs, Michael Savageau and Debra Savageau [appellees herein], if you are satisfied by clear and convincing evidence as follows: . . . .

Thereafter, the case was submitted and the jury returned a verdict against appellees in favor of appellants. The substance of the verdict was that appellees failed to persuade the jury by clear and convincing evidence that appellants had defrauded them.

While a proper verdict in most civil actions requires only that the jury "believe" or be "satisfied" from the evidence, the substantive law of some civil actions requires a heightened degree of proof such as "clear and convincing evidence." Of course, criminal cases require proof beyond a reasonable doubt, and such an instruction to the jury is required. RCr 9.56.

Among the most common of cases which require proof by clear and convincing evidence are termination of parental rights (*Cabinet for Human Resources v. E.S.*, Ky., 730 S.W.2d 929 (1987)), illegitimacy of a child born in wedlock (*Bartlett v. Commonwealth, ex rel. Calloway*, Ky., 705 S.W.2d 470 (1986)), unfitness of a natural parent for custody of a child (*Davis v. Collinsworth*, Ky., 771 S.W.2d 329 (1989)), proof of a lost will (*Clemens v. Richards*, 304 Ky. 154, 200 S.W.2d 156 (1947)), and fraud (*Larmon v. Miller*, 195 Ky. 654, 243 S.W. 939 (1922); *Ferguson v. Cussins*, Ky.App., 713 S.W.2d 5 (1986)). In substance, such cases require the party with the burden of proof to produce evidence more persuasive than a mere preponderance, but proof which need not rise to the level of

beyond a reasonable doubt. *Fitch v. Burns,* Ky., 782 S.W.2d 618 (1989). In such cases it has been determined by statutory or decisional law that a higher standard of proof should be required. KRS 411.184(2). *Sanford Construction v. S & H Contractors,* Ky., 443 S.W.2d 227 (1969). Despite this, it appears to have been the general practice in this jurisdiction to refrain from using words and phrases which describe the elevated standard of proof. *See e.g.,* 2 JOHN S. PALMORE, KENTUCKY INSTRUCTIONS TO JURIES, § 31 (1989). As a consequence, only the judge and the lawyers have knowledge of the correct legal standard and the jury which finds the facts is denied this information.

Whether by misinterpretation of this Court's decision in *Ragsdale v. Ezell,* 99 Ky. 236, 35 S.W. 629 (1896), or by historical accident, the view is widely held that an elevated standard of proof should not be included in civil case instructions. PALMORE, § 31.01, *Comment,* broadly states that the clear and convincing evidence standard

> addresses itself exclusively to the court in determining whether the evidence is sufficient to support a verdict, and is not a guideline for consideration by the jury.

In *Ragsdale* the underlying claim was for assault and the Court held that the instructions should inform the jury for whom it should find based on what it believed from the evidence. Caution was given against use of the word "preponderance" on grounds that it might not be understood and attempts at its definition might confuse or mislead the jury. *Ragsdale,* 35 S.W. at 630. The only proper conclusion one should reach from *Ragsdale* is that use of the term "preponderance" is redundant and bad practice, and that any attempted definition of "preponderance" is perilous. The same conclusion applies to *Hall v. Arnett by Greene,* Ky.App., 709 S.W.2d 850 (1986), and the soup is made neither thick nor thin by the off-handed remark in *Beckner v. Palmore,* Ky.App., 719 S.W.2d 288, 290 (1986), to the effect that instructions on credibility of witnesses and standard of proof are not required.

Perhaps the misinterpretation has arisen from the oft-stated principle that instructions should confine the jury to the determination of facts and that principles of law should not be submitted. Appellees and the Court of Appeals embrace this view and rely upon 2 JOHN S. PALMORE, KENTUCKY INSTRUCTIONS TO JURIES, § 13.11(f) and (j) (1989), as well as the pattern instructions found at § 31, *Fraud and Deceit.* The substance of the argument is that since the function of the jury is to determine disputed issues of fact, inclusion of an evidentiary standard such as "clear and convincing evidence" creates confusion and may require clumsy definition of the terms. It is contended that effect is given to the legal standard when the trial judge considers motions for directed verdict and thereby determines whether the plaintiff has presented sufficient evidence to submit the case to the jury. Under this view, the jury has no role in the application of the proper evidentiary standard.

■ In our opinion, any such contention is untenable. If the elevated evidentiary standard is to have meaning and effect, the jury must be informed of the standard and directed to apply it to the evidence. Without instructing on the heightened standard, only the judge will have given it any consideration and the jury will make its determination using an erroneous standard, less than the law requires. When the law requires a particular evidentiary standard, both the judge and the jury must consider the evidence in that light. The nature of the inquiry is substantially different when the jury must say whether it "is satisfied from the evidence" or whether it "believes by clear and convincing evidence."

In criminal cases, the Commonwealth must prove every element of the offense "beyond a reasonable doubt." KRS 500.070. RCr 9.56(1) commands that the jury be instructed in part as follows:

> You shall find the defendant not guilty unless you are satisfied from the evidence alone, and beyond a reasonable doubt, that he is guilty.

The required instruction, embracing the applicable legal standard, requires the jury to make a factual determination whether it has been convinced of a defendant's guilt to a high degree of certainty. Requiring such a

degree of certainty, however, does not change the nature of the inquiry from factual to legal. It merely attempts to insure that the jury will be possessed of a proper attitude of reluctance as it is drawn toward the conclusion sought by the Commonwealth.

If it is proper to instruct as to a heightened standard of proof in criminal cases, there could be no serious contention that such an approach would be improper in civil cases. In each instance, the jury is called upon to make a factual determination based on the legal standard stated in the instructions. In each, the required phrase is capable of being understood and applied by jurors of ordinary intelligence.

■ In *Commonwealth v. Callahan,* Ky., 675 S.W.2d 391 (1984), this Court terminated a long-standing practice in which prosecutors and defense counsel undertook client-serving definition of reasonable doubt. We quoted with approval from 9 JOHN HENRY WIGMORE, EVIDENCE, § 2497 (Chadbourne rev. 1981):

> Language that is within the comprehension of persons of ordinary intelligence can seldom be made plainer by further defining or refining. All persons who possess the qualifications for jurors know that a doubt of the guilt of the accused, honestly entertained, is a reasonable doubt.

We concluded by saying:

> Prospectively, trial courts shall prohibit counsel from any definition of reasonable doubt at any point in the trial, and any cases in this jurisdiction to the contrary are specifically overruled.

*Callahan,* 675 S.W.2d at 393. The logic which led to our decision in *Callahan* is equally applicable here. The phrase "by clear and convincing evidence," like "beyond a reasonable doubt," is neither arcane, esoteric nor obscure and jurors will have no difficulty understanding its meaning. Accordingly, counsel should refrain from attempting to define it and in that regard, the *Callahan* rule applies fully.

■ The prevailing practice of merely instructing the jury that to render a verdict it must "believe" or be "satisfied" from the evidence is entirely appropriate when the standard is preponderance. However, as observed in *Ragsdale* and heretofore stated, the term "preponderance" should not be used because it may not be easily understood and is essentially redundant. But when the evidentiary standard is something greater than preponderance, it is necessary to expressly state the standard to assure an appropriately informed jury.

■ Inasmuch as this decision amounts to a change in a broadly prevalent practice with respect to jury instructions, we deem it appropriate to limit application of this decision to this case and to such other cases as have not yet become final and in which the issue has been properly preserved.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the final judgment of the trial court is reinstated.

STEPHENS, C.J., and FUQUA, LEIBSON, STUMBO, and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., concurs in result only.

LEIBSON, J., files a separate concurring opinion.

LEIBSON, Justice, concurring.

I concur in the Opinion. I add as a further comment this quote from *Fitch v. Burns,* Ky., 782 S.W.2d 618, 622 (1989):

> We conclude that where the "burden of persuasion" requires proof by clear and convincing evidence, the concept relates more than anything else to an attitude or approach to weighing the evidence, rather than to a legal formula that can be precisely defined in words. Like "proof beyond a reasonable doubt," "proof by clear and convincing evidence" is incapable of a definition any more detailed or precise than the words involved.