RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1223-MR

MICHAEL SMITH, JR.                                        APPELLANT

v.
APPEAL FROM CLAY CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE CLINT J. HARRIS, JUDGE
ACTION NO. 21-CI-00172

CARLA ASHER                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Michael Smith, Jr. ("Smith") appeals from the decree of custody entered by the Clay Circuit Court, Family Division on May 26, 2022. After careful review of the record, finding no error, we affirm.

Carla Asher ("Asher") gave birth to the parties' minor child on March 4, 2021. The parties were unmarried and not in a relationship when the child was born. In a separate action, a judgment establishing Smith's paternity was entered

on July 21, 2021. Smith petitioned for sole custody of the child on August 5, 2021. A hearing on the petition occurred on December 15, 2021. Both parties appeared. Counsel represented Smith. Asher, who appeared virtually, was unrepresented by counsel. The court heard testimony from the parties, a nurse practitioner who had treated the child, Smith's wife, and a Cabinet for Health and Family Services caseworker.

After the hearing, Smith's counsel tendered a proposed decree of custody. The family court entered the tendered decree but marked out several proposed findings of fact, including some related to Asher's criminal history. However, the court specifically found that Asher was arrested on charges of alcohol intoxication, resisting arrest, disorderly conduct in the second degree, and two counts of wanton endangerment in the first degree on November 14, 2021. The court found that Asher was released from incarceration for inpatient substance abuse treatment but did not complete the program. In its findings, the court took judicial notice of Asher's criminal history, the paternity action, and a dependency, neglect, and abuse ("DNA") action regarding the child.[1]

---

[1] Although the record in the DNA action has not been made part of the record in this matter, it appears a petition was filed by the Cabinet on July 22, 2021. Both Smith and Asher were parties to the action. The caseworker testified the petition was filed due to Asher's substance use. At disposition in the DNA action, the family court ordered the child remain in the home.

Considering the best interest factors listed in KRS[2] 403.270(2), the family court awarded Smith and Asher joint custody and granted Asher no timesharing. Smith timely moved to alter, amend, or vacate the decree. He argued that the family court improperly marked out his proposed findings related to Asher's criminal history and should have taken judicial notice of her criminal history under KRE[3] 201. The court denied the motion.

This appeal followed.

Before we reach the merits of Smith's appeal, we must address Asher's failure to file a brief.

> If the appellee's brief has not been filed within the time allowed, the court **may**: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action, or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

RAP[4] 31(H)(3) (emphasis added). It is within the discretion of this Court to determine whether to exercise any of these options, and we decline to do so here. *See Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007)). Asher has chosen to forgo her opportunity to bring to our attention any disagreements she may have had

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Evidence.

[4] Kentucky Rules of Appellate Procedure.

with Smith's recitation of the facts and alleged issues. Despite this, we have conducted a thorough review of the record and relevant law and will now review the merits of Smith's appeal.

We review a family court's findings of fact in a custody matter for clear error. *Maxwell v. Maxwell*, 382 S.W.3d 892, 895 (Ky. App. 2012) (citation omitted). A finding is not clearly erroneous where it is supported by substantial evidence. *Id*. We cannot reverse a decision simply because we may have reached a different conclusion. *Id*. We may only reverse where a court has misapplied the law or abused its discretion. *Id*.

We also review evidentiary rulings for abuse of discretion. *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (footnote omitted).

On appeal, Smith argues: (1) the family court erred by failing to take judicial notice of Asher's criminal history; (2) the court abused its discretion by failing to properly consider the parties' mental and physical health under KRS 403.270(2)(f); (3) the court was required to determine Asher's fitness and should have found her unfit to have custody of the child; and (4) the court's decision to award joint custody but grant Asher no timesharing was procedurally improper.

First, Smith's argument that the family court failed to take judicial notice of Asher's criminal history is directly refuted by the court's findings in the custody decree. The decree includes a finding that "[t]he court took judicial notice

of [Asher's] criminal history." Record ("R.") at 99. Smith contends that judicial notice of her criminal history required an award of sole custody in his favor. However, the mere existence of Asher's criminal record is not determinative of custody.

The court must determine what is in the child's best interest by considering all relevant factors, including those listed in KRS 403.270(2). It is within the family court's "exclusive province" to weigh the evidence presented by the parties. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnote omitted). Even where judicial notice is taken, the weight given to evidence depends upon the context of the proceedings. *See Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004). Here, the family court took judicial notice of Asher's criminal history, considered it in the context of the requirements of KRS 403.270(2), and awarded joint custody to the parties. This was not an abuse of the court's discretion.

Furthermore, the family court considered the factors listed in KRS 403.270(2), including the parties' mental and physical health. Although Smith does not specify what aspect of Asher's mental or physical health the court failed to consider, we can assume from the facts that he is referring to her history of substance abuse. The court made multiple findings about Asher's substance use and unsuccessful completion of inpatient treatment. These findings indicate the court's consideration of KRS 403.270(2)(f).

Next, the family court was not required to determine Asher's fitness to parent. Smith cites *Davis v. Collinsworth*, 771 S.W.2d 329 (Ky. 1989), and *Forester v. Forester*, 979 S.W.2d 928 (Ky. App. 1998), supporting his argument. Neither case applies to this matter. In both *Davis* and *Forester*, a nonparent sought custody of minor children. Parents have "fundamental, basic and constitutionally protected rights" to their children. *Davis*, 771 S.W.2d at 330 (citing *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972)). Because of the constitutional significance of awarding custody to a nonparent, the nonparent must meet the higher standard of proving the parent's unfitness. *Id.* Smith and Asher are the child's parents, and the family court was not required to determine Asher's fitness to parent the child.

Finally, it was not procedurally improper for the court to award joint custody without giving Asher any timesharing. Custody and timesharing are distinct determinations. Although many understand custody to mean physical possession of the child, this is legally inaccurate. *See Pennington v. Marcum*, 266 S.W.3d 759, 676 (Ky. 2008). Custody refers to the authority to make decisions regarding the child, and timesharing is the time the child spends with each parent. *Id.* "[D]ecision-making is either vested in one parent or in both and how often the child's physical residence changes or the amount of time spent with each parent

-6-

does not change this." *Id.* at 767. Smith cites to nothing in the law that prevents a court from awarding joint custody while denying one parent timesharing.

Practically speaking, under the court's decree, while joint custody gives Asher an equal right to make decisions regarding the child alongside Smith, she may not have the child in her physical possession so long as the current timesharing order is in place.

Based on the foregoing, the May 26, 2022 custody decree of the Clay Circuit Court, Family Division, is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Stella B. House
Manchester, Kentucky